PER CURIAM.
The appellant was arrested and subsequently an Information was filed by the State Attorney charging that the appellant “did unlawfully feloniously falsely utter and publish as true to Bob Galino a false, forged, altered and counterfeited instrument, commonly called a bank check.” Appellant was not represented by privately retained counsel at the time he appeared before the court when the Information was read to him. The record-on-appeal contains the following information as to appellant’s waiver of court-appointed counsel at the time of his arraignment:
“He has no money to hire counsel, nor any means of getting' any, the judge explained to him he was entitled to have the Public Defender for counsel, if he so desired, but the defendant stated very plainly, before all present that he did not wish to have any counsel at all, in fact he wanted to today enter a plea of guilty. Court accepts plea of guilty and adjudges defendant to be guilty and orders a pre-sentence investigation.”
Subsequently appellant appeared before the Circuit Judge for sentencing and was sentenced to an indeterminate sentence of six months to five years in the state penitentiary. While the record contains notations regarding appellant’s waiver of counsel when he entered his plea of guilty, the record is silent and makes no reference to any inquiry made by the court to appellant as to whether or not he desired to be represented by counsel or his right to counsel at the time of sentencing.
Subsequently appellant filed a motion pursuant to Criminal Procedure Rule #1 requesting that his judgment and sentence be vacated. This motion was denied by the trial court without a hearing and appellant appeals therefrom.
Due process of law requires that an indigent criminal defendant be represented by legal counsel at the time sentence is imposed upon him or otherwise the record must disclose a competent and intelligent waiver of such right. See Evans v. State, Fla.App.1964, 163 So.2d 520, Bryant v. State, Fla.App.1967, 194 *632 So.2d 21, and Fulmore v. State, Fla.App.1967, 198 So.2d 101. The Evans case, supra, in citing Martin v. United States, 182 F.2d 225, at 227, 20 A.L.R.2d 1236 underscores the importance of having counsel present during the sentencing process:
“The very , ature of the proceeding at the time of imposition of sentence makes the presence of defendant’s counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel. The advisability of an appeal must then, or shortly, be determined. Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant’s conduct; to correct any errors or mistakes in reports of the defendants’ [sic] past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial Court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result, does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial.”
In summary, the record-on-appeal is silent both as to whether defendant was aware of his right to counsel during the sentencing process and as to whether there was a competent and intelligent waiver of such a right. The fact that the record is silent as to whether or not a defendant was offered counsel or that he competently and intelligently waived counsel does not create a presumption that the defendant waived his constitutional right to counsel. See King v. State, Fla.App.1963, 157 So.2d 440.
In consideration of the above, while the judgment of conviction previously entered by the trial court is affirmed, the case is remanded to the trial court for the sole purpose of conducting an evidentiary hearing in order to determine whether the appellant was represented by legal counsel at the time sentence was imposed upon him and if not, whether appellant competently and intelligently waived such right. In the event the appellant was not afforded the above mentioned due process safeguard, the sentence heretofore entered should be vacated and the appellant should be re-sentenced with either private or public counsel present.
It is so ordered.
SHANNON, Acting C. J., and PIERCE and HOBSON, JJ., concur.