347 So.2d 439 (1977)
Dale BOWER, Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY and Asta Membership Group Plan, Appellees.
No. 77-469.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied July 13, 1977.
Bolles, Goodwin, Ryskamp, Welcher & Carrier, Alfred Gustinger, Jr., Miami, for appellant.
Steel, Hector & Davis and Patricia A. Seitz, Stuart Simon, County Atty., and Jon *440 I. Gordon, Asst. County Atty., Miami, for appellees.
Before HAVERFIELD and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HAVERFIELD, Judge.
Plaintiff, an indigent, appeals an order denying his request for Dade County to absorb his court reporter charges in an action for breach of an insurance contract.
Dale Bower filed a breach of contract action against defendant Connecticut General Life Insurance Company and following a trial of the action, the jury entered a verdict in favor of defendant insurer. Alleging that he is indigent, Bower filed a petition pursuant to Section 57.081, Florida Statutes (1975) for payment of costs incident to the action and also payment by Dade County for the cost of preparation of the trial transcript and record of the case. Attached to the petition was an affidavit of insolvency and attorney's certificate. On December 30, 1976 the trial judge after a hearing entered an order directing the clerk to issue a certificate of insolvency for the prosecution of an appeal to Bower relieving him from paying all clerk's fees and court reporter charges pursuant to the above statute. Dade County, appellee herein, then filed a petition to set aside the December 30 order for the reason that Section 57.081, Florida Statutes (1975) is not applicable to costs incident to transcribing records on appeal in civil matters of this sort. The County further argued that transcribing the trial court proceedings is not a function normally performed by the clerk of the court but rather is performed by a third party, court reporters. Defendant insurer also filed the same motion adopting the grounds set forth in the County's motion and in addition contending Bower's affidavit and the certificate of his counsel are inadequate. On February 17, 1977 after arguments of counsel, the judge entered an order setting aside that portion of his order of December 30 requiring Dade County to absorb the court reporter charges. We affirm.
The statute in question reads in pertinent part:
"57.081 Costs; right to proceed where repayment of costs waived
"(1) Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge. No prepayment of costs to any judge, clerk, or sheriff in the county is required in any action when the party has obtained a certification of insolvency from the clerk in each action, based on affidavits filed with him that the applicant is insolvent and unable to pay the charges otherwise payable by law to any of such officers. The affidavits shall be supported by a written certificate signed by a member of the bar of the county that he has made an investigation to ascertain the truth of applicant's affidavit and that he believes it to be true; that he has investigated the nature of plaintiff's claim and that in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of insolvency, applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action."
First, the statute does not include the costs of transcribing and preparing records on appeal in civil matters. Second, transcribing of the trial court proceedings is not a function or service by the court or the clerk; nor may appellant rely upon Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) and Grissom v. Dade County, 293 So.2d 59 (Fla. 1974) as the case at bar involves a breach of contract action in contrast to Boddie and Grissom which presented issues involving adjustments of fundamental human relationships such as dissolution of marriage or adoption. We, therefore, affirm the February 17, 1977 order appealed. Cf. United States v. Kras, *441 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).
Affirmed.