361 So.2d 715 (1978)
Jack E. HARRELL and Marilyn Harrell, Petitioners,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DiVISION OF SOCIAL AND ECONOMIC SERVICES, Respondent.
No. 78-33.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
*716 David B. Slaughter, Legal Aid Society of Orange County, Orlando, for petitioners.
No appearance for respondent.

OPINION ON MOTION
PER CURIAM.
Jack E. and Marilyn Harrell petition this court for certiorari, seeking judicial review of a final decision of the respondent agency affecting petitioners' right to receive welfare or public assistance benefits. Along with their petition for certiorari, petitioners have filed a motion and supporting affidavits for leave to proceed in forma pauperis, which we grant. The subject of this opinion, however, concerns the petitioners' separate motion to compel the respondent agency to furnish a copy of the certified transcript of proceedings before the agency to petitioners' legal representative and to file the original with this court, at no cost to the indigent petitioners or their counsel. Having received similar requests in the past, we now state our reasons for denying these requests.
The Florida Administrative Procedure Act, and specifically Fla. Stat. § 120.68 (Supp. 1976) governing judicial review of agency action, does not speak to this issue. Section 120.57(1)(b)(6) requires the agency to preserve all testimony at the administrative proceeding and, on the request of any party, to make a transcript available at no more than actual cost. The Act carves out no statutory exception for judicial review at the behest of an indigent.
Although Section 120.68(2) provides that judicial review proceedings shall be conducted in accordance with the Florida Appellate Rules, the Florida Appellate Rules are also silent on this particular subject. F.A.R. 4.1 provides that judicial review of rulings of administrative agencies shall be by certiorari, and F.A.R. 4.5(c) provides that a petition for writ of certiorari shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed (or so much thereof as is essential) unless otherwise ordered by the court. There is no Florida Appellate Rule which is comparable to the Federal Rule of Appellate Procedure 24(b) entitled "Leave to Proceed on Appeal or Review in Forma Pauperis in Administrative Agency Proceedings."
Additionally, we find petitioners' reliance on Fla. Stat. § 57.081 (1975) unavailing for the reasons set forth by the Third District in Bower v. Connecticut General Life Insurance Company, 347 So.2d 439 (Fla. 3d DCA 1977).
Pursuant to Section 120.57(1)(b)(6), the cost of preparing the transcript of agency proceedings must be borne by the petitioner seeking judicial review. Prince v. Florida Department of Banking and Finance, Division of Securities, 346 So.2d 130 (Fla. 1st DCA 1977); Mick v. Florida State Board of Dentistry, 338 So.2d 1297, 1299-1300 (Fla. 1st DCA 1976). It therefore appears that this court does not have the statutory authority to require an administrative agency to furnish a transcript of *717 agency proceedings at its own expense, even though the petitioner for judicial review qualifies under Fla. Stat. § 57.081 (1975) as an insolvent or poverty stricken person for purposes of avoiding prepayment of court costs, filing fees and service of process fees.[1]
We turn next to the alternative argument that if there is no statutory exception, then the statute requiring prepayment of such fees, as applied to an indigent petitioner, is unconstitutional as violating due process and equal protection, and Article I Section 21 of the Florida Constitution's Declaration of Rights guaranteeing all persons access to the courts of this state for redress of any injury.
In disposing of the due process and equal protection arguments, we rely on the decision of the United States Supreme Court in Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), reh. denied, 411 U.S. 922, 93 S.Ct. 1551, 36 L.Ed.2d 315 (1973). In Ortwein, the appellant sustained a reduction in welfare assistance and after an unsuccessful administrative proceeding, appellant sought judicial review in the Oregon appellate court. Judicial review was authorized by Oregon statute, however a $25 filing fee was also required by statute and there was no exception for indigent appellants. Claiming inability to pay the filing fee, appellant moved to proceed in forma pauperis, which motion was denied as was appellant's subsequent mandamus action in the Oregon Supreme Court. On appeal to the United States Supreme Court on due process and equal protection grounds, the Court affirmed the Oregon Supreme Court's denial of mandamus. The appellant's interest in seeking increased welfare payments was not of substantial constitutional significance for due process purposes; no fundamental interest is gained or lost depending on the availability of the relief sought. Moreover, there existed alternatives to a judicial remedy, to-wit, a pretermination evidentiary administrative hearing pursuant to the mandate of Goldberg v. Kelly,[2] which hearing is not conditioned on the payment of any fee. The Court found that no suspect classification was present and that the purpose of the filing fee (the production of revenue to help offset expenses and operating costs incurred by the Oregon court system) presented a rational justification for equal protection purposes.
Although the issue in Ortwein is not precisely the same as the issue now presented to this court, it defies logic to find any distinguishing feature that would be of constitutional significance. If a statute requiring the prepayment of filing fees as a precondition of judicial review of administrative action reducing welfare payments is not unconstitutional as applied to indigents, it is inconceivable why a similar statute requiring prepayment of transcript costs to the administrative agency would be. Certainly the purpose of the transcript fee, being directly related to offsetting the expenses incurred by the agency in preparing the transcript, is just as rational as the purpose of a filing fee.
We turn finally to the argument directed toward Article I Section 21 of the Florida Constitution, entitled "Access to Courts," which provides generally that the courts of this state shall be open to every person for redress of any injury, and that justice shall be administered without sale, *718 denial, or delay. This provision in the Declaration of Rights has been interpreted by the Florida Supreme Court to apply only in those instances where a right of access to the courts for redress of a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights in the Florida Constitution, or where such right has become a part of the common law of the state pursuant to Fla. Stat. § 2.01. Kluger v. White, 281 So.2d 1 (Fla. 1973). The constitutional provision was never intended to independently create new causes of action. Kirkpatrick v. Parker, 136 Fla. 689, 187 So. 620 (1939). The present provision in Article I Section 21 is substantially the same as that found in the 1885 Florida Constitution, Declaration of rights, § 4. However, the petitioners who now allege a violation of this constitutional provision seek judicial review of an administrative decision concerning their eligibility for financial aid under the federally assisted program of Aid to Families with Dependent Children (A.F.D.C.), and the corresponding Food Stamps program. A.F.D.C. was established by the Social Security Act of 1935, 49 Stat. 627, as amended. See 42 U.S.C. § 601, et seq. (1974); Goldberg, supra, 397 U.S. at 256, n. 1, 90 S.Ct. 1011. The Food Stamps program was established by the Food Stamp Act of 1964, Pub.L. 88-525, § 2, Aug. 31, 1964, 78 Stat. 703. See 7 U.S.C. § 2011, et seq. (1973). Moreover, the statute authorizing judicial review of an administrative determination (Fla. Stat. § 120.68 (1975)) was first enacted as § 120.30 in 1961. See Ch. 61-280, § 3, Laws of Florida. Up until that time, former chapter 120, entitled "General Provisions Relating to Boards, Commissions, Etc." made no provision for judicial review of administrative proceedings upon application of a party adversely affected by final agency action. The time sequence therefore demonstrates that the "Access to Courts" provision in the Florida Constitution (which dates back to 1885) does not apply to a cause of action seeking judicial review of an unfavorable administrative agency decision affecting welfare assistance under A.F.D.C. or the Food Stamps program.
We therefore hold that this court does not have the statutory authority to order the Department of Health and Rehabilitative Services to furnish a transcript of agency proceedings at its own expense (notwithstanding petitioners' indigency) and this lack of statutory authority cannot be circumvented on state or federal constitutional grounds. If the legislature decides that indigent petitioners ought to be provided at state expense a transcript of agency proceedings it may so provide by appropriate legislation. In the absence of such legislation, we shall in the future dispose of similar motions in accordance with the views expressed herein.
Petitioners' motion to compel respondent to furnish a certified transcript at no cost to petitioners is denied.
ALDERMAN, C.J., and LETTS and MOORE, JJ., concur.
NOTES
[1] We note, peripherally, that the proposed Florida Rules of Appellate Procedure, effective March 1, 1978, will not apparently affect our conclusion. Under the proposed rules, our judicial review of administrative action shall be by appeal rather than by certiorari, Fla.R. App.P. 9.030(b)(1)(c), 9.110(a)(2); and the cost of preparation of a transcript to be included in the record on appeal shall be borne initially by the designating party, subject to appropriate taxation of costs, Fla.R.App.P. 9.200(b)(1). Fla.R.App.P. 9.430 entitled "Proceedings by Indigents," does not speak to the issue concerning payment of transcribing costs charged by administrative agencies and the comment to this rule provides that the rule is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs; those rights are a matter governed by substantive law.
[2] 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).