Clyde L. Heath Clerk 4th District Court of Appeal West Palm Beach
QUESTION:
Is the clerk of the district court of appeal required to charge and collect a service charge or charges from an indigent person seeking judicial review by the district court of appeal of action taken by an administrative agency, board, or other body?
SUMMARY:
In the absence of any general laws granting any right or privilege to indigent persons to seek judicial review of administrative agency actions or decisions without payment of the service charge prescribed by s. 35.22(3), F. S., or providing procedures therefor, or authorizing the clerks of the district courts of appeal to waive payment of such service charge for indigent petitioners, or authorizing or requiring the administrative agencies of the state to defray the costs of such judicial review proceedings for indigent persons, the clerks of the district courts of appeal are required by law, notwithstanding any petitioner's indigency, to charge and collect the statutorily prescribed service charge for proceedings for judicial review of administrative agency actions or decisions docketed in the district courts of appeal.
Your question is answered in the affirmative.
This opinion is confined to the statutory duties and authority of the clerk of the district court of appeal under the general laws of Florida, and the rights or lack thereof of indigent persons to proceed in forma pauperis in proceedings for judicial review of administrative agency actions or decisions under the general laws of Florida.
Section 35.22(3), F. S., requires that the clerk of the district court of appeal,
 . . . upon the filing of a certified copy of a notice of appeal or petition, shall charge and collect a service charge of $50 for each case docketed, and for copying, certifying or furnishing opinions, records, papers or other instruments and for other services the same service charges as provided in s. 28.24. (Emphasis supplied.)
 Section 35.22(3) does not expressly or by necessary implication authorize the clerk of the district court of appeal to waive the prescribed service charge for indigent persons seeking to proceed in forma pauperis on an appeal or proceeding for judicial review to the district court of appeal from any action or decision of an administrative agency, nor has any such provision been found in the Florida Administrative Procedure Act, Ch. 120, F. S., or specifically in s. 120.68, F. S., governing judicial review of administrative agency actions or decisions. Neither s. 35.22(3) nor s. 120.68 makes any provision for or grants any right or privilege to indigent persons to proceed in forma pauperis in any proceeding for judicial review of administrative agency actions. All such rights or privileges are matters governed by substantive law. See Harrell v. State of Florida, Department of Health and Rehabilitative Services, infra, n. 1.; In re Proposed Florida Appellate Rules, 351 So.2d 981, 1020 (Fla. 1977), Commentary to Fla.R.App.P. 9.430.
 While s. 924.17, F. S., provides for a supersedeas without payment of costs for indigents in criminal actions, and s. 57. 081, F. S., makes provisions for insolvent and poverty-stricken persons having actionable civil claims or demands in the courts to receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge, these statutes do not apply to or govern administrative actions or agencies or the judicial review of administrative agency actions or decisions, or the clerks of the district courts of appeal, and do not purport to grant any right or privilege to indigent persons to proceed in forma pauperis in any proceeding for judicial review of any administrative agency action or decision in the appellate courts. I am not aware of any general law which authorizes the clerk of a district court of appeal to waive the statutorily prescribed service charge in question for any indigent person appealing from or seeking judicial review of an administrative agency action or decision or in any manner providing for in forma pauperis proceedings in any action or proceeding for judicial review of such administrative actions or decisions. Neither am I aware of any general law authorizing or requiring the courts or administrative agencies of the state to defray the costs of such judicial review of administrative actions for indigent persons or otherwise providing a cost-free means for indigent petitioners to obtain such judicial review at the expense of the state.
 Since the general laws are silent on the subject matter of your inquiry and the underlying issues implicit therein, and pending enactment of general legislation governing such matters, I must conclude that the clerks of the district courts of appeal may not waive the statutorily prescribed service charge for indigent persons appealing from or petitioning for judicial review of an administrative agency action or decision in the district courts of appeal, and that indigent petitioners in such review proceedings have no statutory right or privilege to proceed in forma pauperis in any such proceeding for judicial review. Cf. Ortwein v. Schwab, 410 U.S. 656, 658-61 (1973), in which the United States Supreme Court upheld imposition of an appellate court filing fee upon indigent persons seeking judicial review of an administrative order denying increased welfare benefits, on the ground that petitioners had not demonstrated an interest of sufficient constitutional significance to entitle them to proceed in forma pauperis therein; Harrell v. Dep't H.R.S., No. 78-33 (4 D.C.A. Fla., 1978), stating that the court had no statutory authority to require an administrative agency to furnish a transcript of agency proceedings at the agency's expense, even though the petitioner for judicial review qualified under s. 57.081, F. S., as an insolvent or poverty-stricken person for purposes of avoiding prepayment of court costs, filing fees, and service of process fees, and holding that the court did not have the statutory authority to order a state administrative agency to furnish a transcript of agency proceedings at the agency's expense, notwithstanding the petitioner's indigency, and that such lack of statutory authority could not be circumvented on state or federal constitutional grounds. The court observed that `[i]f the legislature decides that indigent petitioners ought to be provided at state expense a transcript of agency proceedings it may so provide by appropriate legislation.' (Emphasis supplied.) It was also held in Harrell that s. 21, Art. I, State Const., relating to access to the courts, `does not apply to a cause of action seeking judicial review of an unfavorable administrative agency decision affecting welfare assistance under A.F.D.C. or the Food Stamps Program.' See also Bower v. Connecticut General Life Insurance Company, 347 So.2d 439 (3 D.C.A. Fla., 1977), in which the court affirmed a trial court's order denying an application, pursuant to s. 57.081, F. S., seeking to charge a county for the costs of transcribing and preparing a record on appeal in a civil action. The court stated at 440:
 First, the statute does not include the costs of transcribing and preparing records on appeal in civil matters. Second, transcribing of the trial court proceedings is not a function or service by the court or the clerk . . . .
Florida Rule of Appellate Procedure 9.430 prescribes the method by which an indigent may seek review without payment of costs or fees or giving security therefor. That rule provides in pertinent part that `[a] party who has the right to seek review without paymentof costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or to give security therefor.' (Emphasis supplied.) However, the `right' referred to in the rule must be granted by and found in some statute. See Harrell, supra, n. 1, stating that the rights of indigents to proceed with an appeal without payment of costs or fees is a matter governed by substantive law; and In re Proposed Florida Appellate Rules, 351 So.2d 981, 1020 (Fla. 1977), in which it is stated in the Commentary on Rule 9.430 that the rule `is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs. The existence of such rights is a matter governed by substantive law.' Thus, Rule 9.430 does not purport to authorize the clerk of a district court of appeal to waive costs or fees or the giving of security therefor, nor does it in terms grant to or vest in indigent petitioners any right or privilege to proceed in forma pauperis in proceedings for judicial review of administrative agency actions or decisions. Neither does it authorize or require administrative agencies to bear or defray any such costs of judicial review of administrative agency actions or decisions for indigents or to provide any services at the expense of the state or local government.
There is no general law granting any right or privilege to indigents to seek judicial review of administrative agency actions or decisions without payment of statutorily prescribed costs, fees, or service charges, or providing the procedures therefor. Neither is there any general law authorizing the clerk of a district court of appeal to waive such costs for indigents, or authorizing administrative agencies to bear or defray such costs for indigent petitioners. Therefore, I am of the opinion that the clerk of the district court of appeal is required by the express terms of s. 35.22(3), F. S., notwithstanding any petitioner's indigency, to charge and collect the statutorily prescribed service charge for each case or proceeding for judicial review of an administrative agency action or decision docketed in the district court of appeal. Any question as to the constitutionality of s. 35.22(3), F. S., as applied to an indigent petitioner, must be determined by the Florida or United States Supreme Court — not by this office — in appropriate and direct proceedings brought for that purpose. Cf. State v. Dwyer, 332 So.2d 333 (Fla. 1976). I am not empowered to rule that any general law or the application thereof to any person is unconstitutional.
Prepared by: Jerald S. Price, Assistant Attorney General