Clyde L. Heath Clerk District Court of Appeal West Palm Beach
QUESTIONS:
1. Does s. 57.081(1), F. S., apply to clerks of the district courts of appeal and allow the clerks to waive filing fees for insolvent appellants in civil proceedings?
2. If question 1 is answered in the affirmative, what procedure should an insolvent appellant follow in getting the record of the lower court proceedings transcribed and paid for so that his case may proceed to final determination?
3. May a petition for a writ of mandamus be filed in the district court of appeal without payment of the filing fee?
SUMMARY:
Section 57.081(1), F. S., is not applicable to clerks of the district courts of appeal and provides no basis for the clerk to waive the filing fee or service charge required by s. 35.22(3), F. S., to be charged and collected for each case docketed in the district court of appeal, notwithstanding a person's indigency. The applicability of the changes in Rule 2.040(b)(3), Fla. R. Jud. Admin., to the questions raised in this inquiry is a matter exclusively for the judiciary. I am aware of no statutory authority for an insolvent appellant to obtain at state expense a transcript of the record of the proceedings to be reviewed nor for a petition for a writ of mandamus to be filed in a district court of appeal without payment of the service charge required by s.35.22(3).
AS TO QUESTION 1:
Section 57.081(1), F. S., provides in part that:
 Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the the county in which they reside
without charge. No prepayment of costs to any judge, clerk, or sheriff in the county is required in any action when the party has obtained a certification of insolvency from the clerk in each action, based on affidavits filed with him that the applicant is insolvent and unable to pay the charges otherwise payable by law to any of such officers. . . . (Emphasis supplied.)
A question similar to those you have presented here were addressed by this office in a recent Attorney General Opinion also issued to you. See AGO 078-116. The inquiry made there was whether the clerk of the district court of appeal is required by law, notwithstanding a petitioner's indigency, to collect the statutorily prescribed service charge for each proceeding docketed in the appellate court for review of an administrative agency action. It was determined that he is. The opinion specifically stated that s. 57.081, F. S., did not apply to or govern clerks of the district courts of appeal. Generally, the conclusion reached in AGO 078-116 concerning indigents seeking judicial review ofadministrative actions or decisions applies with equal force and effect to indigents seeking judicial review of civil proceedings.
As stated in AGO 078-116, s. 35.22, F. S., is directed to the clerks of district courts of appeal; subsection (3) authorizes service charges to be collected by the clerks and provides as follows:
 The clerk, upon the filing of a certified copy of a notice of appeal or petition, shall charge and collect a service charge of $50 for each case docketed, and for copying, certifying or furnishing opinions, records, papers or other instruments and for other services the same service charges as provided in s. 28.24. (Emphasis supplied.)
This section offers no exceptions or procedures for granting any exceptions to the service charge or filing fee required therein, nor could it be said to imply any authority in the clerk to grant an exception to or waive payment of the filing fee. Any right or privilege of the indigent to be relieved of payment of the fee must be found in substantive law. Harrell v. State Dept. of Health and Rehabilitative Services, 361 So.2d 715 (4 D.C.A. Fla., 1978); Bower v. Connecticut General Life Insurance Company, 347 So.2d 439
(3 D.C.A. Fla., 1977); and Rule 9.430, Fla.R.App.P., and Committee Notes following. Any authority of the clerk to waive the statutorily required fee or service charge must be expressly provided or, by necessary implication, found in statutory provisions. Bradford v. Stoutamire, 38 So.2d 684 (Fla. 1949), and Security Finance Co. v. Gentry, 109 So. 220 (Fla. 1926).
Section 57.081, supra, on the other hand, establishes the right of insolvent or poverty-stricken persons with actionable claims or demands to receive the services of courts, sheriffs, and clerks of the county in which they reside without charge. In addition, this section provides the procedure to be followed by those clerks in issuing certificates of insolvency as a prerequisite to the waiver of costs by the named officers. This section does not on its face apply to clerks of the district courts of appeal, and I am not aware of any judicial authority for construing the section to encompass thhose clerks. Furthermore, I can find no evidence of legislative intent that s. 57.081 should apply to judicial review in the district courts of appeal of administrative decisions or civil proceedings from lower courts. Therefore, I continue to have the view that s. 57.081 does not apply to clerks of the district courts of appeal and does not authorize a clerk to docket a notice of appeal or petition for review in a civil proceeding without payment of the service charge required in s. 35.22(3), F. S.
Your letter also called to my attention Rule 2.040(b)(3), Fla. R. Jud. Admin., which applies to clerks of the district courts of appeal and was recently amended to read as follows:
 Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings, or appeals therefrom, arising out of or in connection with criminal actions. (Emphasis supplied.)
In re Fla. Rules of Judicial Administration, 372 So.2d 449, 455
(Fla. 1979). Formerly, Rule 2.040(b)(3) required the clerk to exact payment of a filing fee `in all appeals and cases originating in the court,' and the only exception provided in the rule on the basis of insolvency was that the payment should not be exacted in advance in criminal appeals in which the defendant had been adjudicated insolvent for the purpose of an appeal.
I must necessarily decline to express any opinion concerning the application of this rule to your inquiry. This office has no authority to interpret Rules of Court for the purpose of advising you on their applicability to a particular situation. Such opinion or advice would be within the exclusive prerogative of the judiciary which has the sole authority to promulgate such rules of procedure. I would remind you, however, that, as a ministerial officer of the court which he serves, the clerk has no discretion to depart from the statutes or rules of court applicable to his duties. Pan American World Airways v. Gregory, 96 So.2d 669 (3 D.C.A. Fla., 1957). Insofar as civil proceedings by indigents in the appellate courts are concerned, the clerk is obliged to follow the dictates of the statutes and the commands of his court or the Supreme Court. Furthermore, the constitutionality of any statutes posing economic barriers to access to the appellate courts must be determined by either the Florida or United States Supreme Court and not by this office. The United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371 (1971), held that a state statute requiring payment of court fees and costs for service of process as a condition precedent to access to the courts denied due process of law to an indigent person seeking a divorce. Id. at 380. The court, in confining its decision to the facts of the case, emphasized that `we do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual.' Id. at 382. Two years later the court, in United States v. Kras, 409 U.S. 434 (1973), declined to extend Boddie to cover bankruptcy actions brought by indigents. The Florida Supreme Court has limited Boddie to `a class of actions where the State has exclusively made judicial process the only method of altering a fundamental human relationship; excepting financial and economic relationships.' Grissom v. Dade County, 293 So.2d 59, 62 (Fla. 1974). The decision in Boddie has yet to be extended, by either the United States or the Florida Supreme Court, to the level of appellate proceedings. Such an enlargement of Boddie is not within the province of this office.
AS TO QUESTION 2:
Since question 1 has been answered in the negative, there is no need to address your second question. However, I would emphasize that the District Court of Appeal for the Fourth District made it quite clear in Harrell, citing Bower, supra, that there was no
statutory authority or constitutional basis for an indigent to obtain at state expense a transcript of the record of administrative (or civil) proceedings of the lower tribunal sought to be reviewed in the district court. 361 So.2d at 718. See Bower,347 So.2d at 440, in which the court stated that `[s. 57.081, F. S.,] does not include the costs of transcribing and preparing records on appeal in civil matters,' and, furthermore, that `transcribing of the trial court proceedings is not a function [of] or service by the court or the clerk.' Therefore, the position taken by this office in AGO 078-116, directed to you, remains unchanged. That is, until the Legislature decides, by the enactment of appropriate legislation, that indigent appellants should be provided, free of cost, with transcripts of the record of lower court proceedings, said transcripts may only be obtained upon payment of the requisite fee or service charge.
AS TO QUESTION 3:
Since your letter is concerned primarily with insolvent or poverty-stricken persons, I will confine my response to this question to situations concerning indigents who wish to petition for writ of mandamus in the district courts of appeal. The district courts of appeal have original jurisdiction in mandamus proceedings. Section 4(b)(3), Art. V, State Const., and Rule 9.030(b)(3), Fla.R.App.P.
The response to your third question is found in s. 35.22(3), F. S., which requires the district court clerk to charge and collect a $50 service charge `upon the filing of a certified copy of a notice of appeal or petition.' (Emphasis supplied.) It is my belief that the unqualified use of the word `petition' encompasses a petition for a writ of mandamus. Any exemption or waiver granted to indigents from payment of the $50 service charge would have to be provided for by statute as discussed in question 1, AGO 078-116, and I am aware of none.
Insofar as Rule 2.040(b)(3), Fla.R.Jud.Admin., is concerned, it appears that a petition for writ of mandamus would be within the general requirements, also discussed above, that the fee provided by law be paid at the time the petition is filed, since such apetition is neither an appeal by a person adjudicated insolvent nor a habeas corpus proceeding (or appeal therefrom) in connection within a criminal action, for which limited exceptions have been provided in the rule.
I feel compelled to reiterate that any constitutional question arising from the statutes discussed herein or their application to indigents seeking access to appellate courts for review of civil proceedings or in original proceedings for the designated writ (other than writs of habeas corpus) within the original jurisdiction of the affected court is a matter solely within the province of the judiciary. I have no authority to rule that any general law or its application to any person is unconstitutional.
In summary, therefore, I conclude that s. 57.081(1), F. S., is not applicable to clerks of the district courts of appeal and provides no basis for the clerk to waive the filing fee or service charge required by s. 35.22(3), F. S., to be charged and collected for each case docketed in the district court of appeal, notwithstanding a person's indigency. I will not comment upon the applicability of the changes in Rule 2.040(b)(3), Fla. R. Jud. Admin., to the questions raised in this inquiry, as this is a matter exclusively for the judiciary. In addition, I am aware of no statutory authority for an insolvent appellant to obtain at state expense a transcript of the record of the proceedings to be reviewed nor for a petition for a writ of mandamus to be filed in a district court of appeal without payment of the service charge required by s. 35.22(3).
Prepared by:
Carol Z. Bellamy Assistant Attorney General, and
Tillie Lacayo Legal Intern