486 So.2d 27 (1986)
Keith Richard HARRIS, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. BH-138.
District Court of Appeal of Florida, First District.
March 26, 1986.
Keith Richard Harris, pro se.
Jim Smith, Atty. Gen., and John J. Rimes III, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant, a prisoner in the Department of Corrections, appeals an order entered after a formal section 120.57, Fla. Stat. hearing, denying his rule challenge petition. He has been certified as an indigent for purposes of appeal and has requested this court to order the department or the Division of Administrative Hearings to furnish him with a copy of the transcript of the proceedings at no cost to him. We deny the request.
Since 1980 section 57.081, Fla. Stat. (1980), the statute allowing indigents to proceed without payment of costs, has provided in pertinent part:
Any indigent person who is a party or intervenor in any judicial or administrative proceeding or who initiates such a proceeding shall receive the services of the courts, sheriffs and clerks, with respect to such proceedings, without charge.
Previously, the statute provided:
Insolvent and poverty stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs and the clerks of the county in which they reside without charge.
Prior to 1980, there was conflict among the district courts as to whether the statute applied to noncriminal appeals; two cases held that it did apply but not to the extent of authorizing the waiver of transcription costs. See Harrell v. Department of Health and Rehabilitative Services, 361 So.2d 715 (Fla. 4th DCA 1978); Bower v. Connecticut General Life Insurance Co., 347 So.2d 439 (Fla. 3rd DCA 1977).
Harrell was an administrative appeal in which the Fourth District held that although section 57.081 permitted indigents to proceed without payment of costs, Chapter 120 did not require state agencies to provide transcripts free of charge. Although there has been no case law on this issue since the statute was amended in 1980, the rationale of Harrell remains persuasive.
*28 Therefore, appellant's motion to direct the Division of Administrative Hearings to supply him a transcript without charge is denied. Because our ruling herein renders the transcript unavailable, appellant must comply with Fla.R.App.P. 9.200(b)(3) if he desires to continue his appeal. Failure to promptly, proceed in accordance with the rule may result in dismissal of this appeal for failure to prosecute.
Because of a lack of precedent construing the 1980 amendment to section 57.081, we certify the following to the Florida Supreme Court as a question of great public importance:
DOES SECTION 57.081, FLA. STAT. AUTHORIZE OR REQUIRE THAT INDIGENT APPELLANTS IN NONCRIMINAL APPEALS BE PROVIDED WITH TRANSCRIPTS AT NO COST TO THEM?
THOMPSON, ZEHMER and BARFIELD, JJ., concur.