504 So.2d 801 (1987)
Annie B. SMITH, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 86-3202.
District Court of Appeal of Florida, Second District.
April 1, 1987.
Francis A. Solorzano, Bartow, for appellant.
Regina L. Morante, Tampa, for appellee.
ON MOTION TO COMPEL PREPARATION OF TRANSCRIPT WITHOUT PREPAYMENT OF COSTS, OR IN THE ALTERNATIVE, TO CERTIFY QUESTION OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
This is an appeal resulting from an administrative disqualification of appellant from the food stamp program. Appellant was declared indigent pursuant to section 57.081, Florida Statutes. She thereafter sought a waiver of the costs for preparing the transcript for her appeal. The waiver was denied, and this motion to compel was filed here.
Those declared indigent in civil cases are entitled, pursuant to section 57.081, to "receive the services of the courts, sheriffs and clerks, with respect to such proceedings, without charge." Accordingly, it has been held that the filing fee and any other fees of the court clerk are waived but not the costs of transcripts because they are part of a court reporter's fee not mentioned in the statute. See Bower v. Connecticut General Life Insurance Company, 347 So.2d 439 (Fla. 3d DCA 1977). Subsequent to Bower, two district courts of appeal have applied the Bower rationale to administrative appeals and thus have refused to compel free transcripts in those cases. See Harris v. Department of Corrections, 486 So.2d 27 (Fla. 1st DCA 1986), and Harrell v. State of Florida, Department of Health and Rehabilitative Services, 361 So.2d 715 (Fla. 4th DCA 1978).
In contending that a free transcript is required the appellant asserts two main arguments. First, it is contended that revision of section 57.081, subsequent to Bower and Harrell, supra, now compels a different result than in those cases. The two *802 changes specified were changes in wording which made it clear that the statute provided for waiver of clerks' fees on appeal as well as at trial and applied to all clerks, not just the clerks in the county in which the indigent resides. These changes do not affect the rationale of Bower that clerk's fees but not court reporter's fees are waived. In fact, Bower assumed that section 57.081 applied to appeals even as then worded.
Movant's second argument has more merit. It is contended that in an administrative appeal the clerk not only prepares the record on appeal but also routinely prepares the transcript. We see nothing in section 120.57(1)(b), Florida Statutes (1986), which requires the clerk to prepare the transcript. Rather, that statute requires the agency to preserve testimony and make it available at no more than actual cost. Likewise, Rule 10-2.71 of the Florida Administrative Code merely provides for an initial fee for the transcript to be prepared. The question devolves into whether we should interpret the above statute and rule, together with the alleged actual practice of the agency clerks, so as to make preparation of transcripts a clerk's function in administrative appeals and, thus, provide a transcript without cost in the case of any indigent appellant. The wording of the statute and rule as noted does not explicitly make this a clerk's function. Moreover, we are not inclined to interpret the statute and rule in such a broad sense. There appears to be no compelling reason to allow more complete state (or county) subsidizing of civil cases in indigents' administrative appeals than in appeals from trial courts. Thus, we adhere to the result in Harris and Harrell. However, we choose to certify a more narrow question than did the court in Harris. We certify the following issue to the Florida Supreme Court as one of great public importance:
DOES SECTION 57.081, FLA. STAT., AUTHORIZE OR REQUIRE THAT INDIGENT APPELLANTS IN NONCRIMINAL ADMINISTRATIVE APPEALS BE PROVIDED WITH TRANSCRIPTS AT NO COST TO THEM?
FRANK, A.C.J., and HALL and SANDERLIN, JJ., concur.