573 So.2d 320 (1991)
Annie B. SMITH, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
Catherine KELLY, et al., Petitioners,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Etc., Respondents.
Keith Richard HARRIS, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, Respondent.
Nos. 70440, 70052 and 69793.
Supreme Court of Florida.
January 3, 1991.
*321 Francis A. Solorzano, Florida Rural Legal Services, Inc., Bartow, for petitioners, Annie B. Smith and Kelly and Collins.
Sally G. Schmidt, Florida Rural Legal Services, Inc., Belle Glade, for petitioners, Waters, Sheely, Bauzela and Petithomme.
Suzanne Harris, Bartow, and Maria Soto, Fort Pierce, of Florida Rural Legal Services, Inc., for petitioner Liana.
Charleen C. Ramus, Department of Health and Rehabilitative Services, Tampa, for respondent in No. 70440.
Anthony N. DeLuccia, Jr., Dist. Legal Counsel, Department of Health and Rehabilitative Services, Fort Myers, for respondent in No. 70052.
Keith Richard Harris, Arcadia, in pro. per.
Robert A. Butterworth, Atty. Gen. and John J. Rimes, III, Asst. Atty. Gen., Tallahassee, for respondent in No. 67793.
Suzanne Harris, Bartow, amicus curiae for Florida Rural Legal Services, Inc.
PER CURIAM.
All of the petitioners are indigents who were unsuccessful litigants in administrative proceedings and who took appeals. Each sought to have the transcript of the hearing provided at state expense. In each case[1] the district court of appeal ruled that Florida law does not require that such transcripts be provided but certified that its decision passed upon a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Because the wording of the questions was slightly different and because petitioners also make constitutional arguments, we rephrase the question as follows:
IS THERE A RIGHT FOR INDIGENT APPELLANTS IN NONCRIMINAL ADMINISTRATIVE APPEALS TO HAVE *322 TRANSCRIPTS PROVIDED TO THEM AT NO COST?
The factual situations of these petitioners are different,[2] but their arguments are essentially identical. They construe section 57.081, Florida Statutes (1985), to require free transcripts for indigents taking appeals from administrative proceedings. They also argue that the access to courts provision and the due process clause of the Florida Constitution require the same result. The several agencies respond that the statute cannot be read to suggest that the legislature intended for the state to furnish free transcripts to indigents in administrative appeals, particularly where many of them involve issues in dispute that are less than the cost of transcripts. The agencies further assert that appellants have no constitutional right to receive the transcripts free of charge.

STATUTORY RIGHT
A review of the history of section 57.081 will facilitate the consideration of this point. In 1979, the pertinent portion of the statute read as follows:
(1) Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge.
§ 57.081, Fla. Stat. (1979).
In an indigent's appeal from a civil judgment, the court in Bower v. Connecticut General Life Insurance Co., 347 So.2d 439 (Fla. 3d DCA 1977), held that the statute did not encompass payment of the cost of transcribing the record. The decision was based in part upon the fact that the transcribing of court proceedings is not a function or service of the court or the clerk. Thereafter, in Harrell v. Department of Health & Rehabilitative Services, 361 So.2d 715 (Fla. 4th DCA 1978), the court was asked to determine whether indigent persons seeking judicial review of a final agency decision could obtain a free transcript under the same statute. In seeking to distinguish Bower, the indigent party pointed to section 120.57(1)(b)(6), Florida Statutes (1975), which required the agency to "preserve all testimony in the proceeding and, on the request of any party... make a full or partial transcript available at no more than actual cost." Notwithstanding, the court ruled that section 57.081 did not relieve the indigent party of the cost of preparing the transcript.
In 1980, section 57.081 was amended to read in pertinent part:
(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge.
Ch. 80-348, § 1, Laws of Fla.
Clearly, the amended statute was intended to overcome certain court decisions which had construed the earlier statute as not being applicable to appeals. Lee v. City of Winter Haven, 386 So.2d 268 (Fla. 2d DCA 1980); Hillman v. Federal Nat'l Mortgage Ass'n, 375 So.2d 336 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 758 (1980), receded from on other grounds, Fields v. Zinman, 394 So.2d 1133 (Fla. 4th DCA 1981). Likewise, the amended statute made it clear that the residency of the indigent party is no longer relevant. However, the petitioners also argue that the amendment was intended to include the cost of transcribing administrative hearings. The legislative history regarding the amendment to the statute is at best indecisive. A staff report accompanying a somewhat similar amendment proposed in 1979 indicated that the legislation would make transcripts available without cost in administrative appeals. However, the 1979 legislature did not pass that amendment. The staff report accompanying the 1980 amendment, *323 which did pass, did not mention transcripts.
In Gretz v. Florida Unemployment Appeals Commission, 572 So.2d 1384 (Fla. 1991), this Court recently held that an unemployment compensation claimant was entitled to have the Unemployment Appeals Commission furnish a transcript of the agency hearing without charge. The rationale for the decision was that section 443.041(2)(a), Florida Statutes (1985), precluded the commission from charging fees of any kind to individuals claiming unemployment compensation benefits. The commission contended that the statute only prohibited the charging of fees for services the commission was required to perform and that there was no requirement that the commission provide a transcript. However, this Court construed section 120.57(1)(b)(7), Florida Statutes (1989),[3] as requiring that upon request of a party an agency must provide a transcript at no more than actual cost. Having concluded that the Unemployment Appeals Commission was obligated to provide a transcript, the Court then held that the provisions of section 443.041(2)(a) precluded it from charging even its cost of preparation.
If section 120.57(1)(b)(7) requires an agency to provide a transcript in unemployment compensation cases, it is obvious that the agencies involved in the instant cases have the same obligation. While there is no statute comparable to section 443.041(2)(a) which precludes these agencies from charging fees of any kind, the provisions of section 57.081 specify that an indigent person who is a party to an administrative agency proceeding "shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge." § 57.081(1), Fla. Stat. (1985). Thus, the agencies must provide transcripts, and as indigents the petitioners are entitled to receive them without charge. While this results in a more complete state subsidization in indigents' administrative appeals than in indigents' appeals from trial court judgments, this is a legislative matter with which we are not concerned.

CONSTITUTIONAL RIGHT
Because the matter has been extensively argued, we have also chosen to address whether an indigent has a constitutional right to a transcript in an administrative appeal. Petitioners rely upon article I, section 21 (access to courts) and article I, section 9 (due process of law) of the Florida Constitution.
At the outset, we believe that article I, section 21, is inapplicable to these cases. That clause of our constitution is typically applied to guarantee every person the right of access to the courts for claims of redress of injury free of unreasonable burdens and restrictions. Smith v. Department of Ins., 507 So.2d 1080 (Fla. 1987) (holding invalid statute placing cap on the recovery of non-economic damages in personal injury cases); G.B.B. Invs., Inc. v. Hinterkopf, 343 So.2d 899 (Fla. 3d DCA 1977) (striking down requirement that mortgagor in foreclosure suit pay into court registry all mortgage payments plus delinquent interest and taxes as precondition for maintaining a counterclaim against the mortgagee). Here, there would be no denial of access to the courts by persons having claims such as petitioners because the right of appeal to a judicial tribunal is provided by section 120.68, Florida Statutes (1985). There is no suggestion that the filing fees or other costs incident to such judicial review are unreasonable as related to the general class of persons who may seek such review.
On the other hand, a person's status as an indigent has in some circumstances been sufficient to provide him with relief under the due process clause. See Wingard v. State, 200 So.2d 630 (Fla. 2d DCA 1967) (in the absence of waiver, due process requires that an indigent criminal defendant be represented by legal counsel at *324 sentencing). In Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), an indigent person sought to prosecute an action for divorce without having to pay for the filing fee and the service of process. The United States Supreme Court held that Boddie had been denied access to the courts as an element of due process because a divorce could only be obtained through the court system.
The Court later circumscribed the principle of Boddie in Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). In that case, Ortwein had sustained a reduction in welfare assistance and appealed to the Oregon Public Welfare Division. The division conducted an evidentiary hearing and upheld the reduction. Since judicial review of agency decisions was authorized under Oregon law, Ortwein sought to proceed in forma pauperis in the Oregon Court of Appeals, asserting that he could not afford to pay the required $25 filing fee. His motion was denied, and the Oregon Supreme Court later denied his petition for writ of mandamus. On appeal, the United States Supreme Court affirmed.
Reasoning that Ortwein's claim for increased welfare benefits had "far less constitutional significance than the interest of the Boddie appellants," Ortwein, 410 U.S. at 659, 93 S.Ct. at 1174, the Court held that the due process clause did not require a waiver of court costs for indigents if the interest involved in the indigent's claim was not a fundamental one and there was another procedure available not requiring the payment of fees through which redress could be sought. The Court held that Ortwein's evidentiary hearing sufficed even though it was not a judicial hearing and observed that there was no constitutional right to an appeal. See United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (indigent not constitutionally entitled to the waiver of filing fees in bankruptcy).
In also rejecting an argument based on the equal protection clause, the Ortwein Court pointed out that litigation which deals with welfare payments is in the area of economics and social welfare and that in the absence of a suspect classification such as race, nationality, or alienage, the applicable standard is that of rational justification. The Court reasoned that the requiring of a modest filing fee was a rational way to offset some of the expenses of operating the Oregon court system.
While Ortwein involved an interpretation of the federal constitution, in Harrell v. Department of Health & Rehabilitative Services, the Fourth District Court of Appeal specifically addressed contentions being made in the instant case that were grounded upon the Florida Constitution. The court said:
Although the issue in Ortwein is not precisely the same as the issue now presented to this court, it defies logic to find any distinguishing feature that would be of constitutional significance. If a statute requiring the prepayment of filing fees as a precondition of judicial review of administrative action reducing welfare payments is not unconstitutional as applied to indigents, it is inconceivable why a similar statute requiring prepayment of transcript costs to the administrative agency would be. Certainly the purpose of the transcript fee, being directly related to offsetting the expenses incurred by the agency in preparing the transcript, is just as rational as the purpose of a filing fee.
361 So.2d at 717.
We find this rationale persuasive. We see no compelling reason to construe Florida's due process clause differently than its federal counterpart with respect to this issue. Since petitioners received an evidentiary hearing on their claims without cost, we do not believe that they would be constitutionally entitled to be furnished with a free transcript to assist in the prosecution of their appeals.

CONCLUSION
We quash the decisions below and we disapprove of Harrell to the extent that it held that sections 57.081 and 120.57(1)(b) do not require the state to provide free transcripts *325 in appeals taken by indigent parties from adverse agency decisions.
It is so ordered.
OVERTON and GRIMES, JJ., concur.
SHAW, C.J., concurs in result only.
McDONALD, J., concurs in part and dissents in part with an opinion.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which BARKETT and KOGAN, JJ., concur.
McDONALD, Justice, concurring in part and dissenting in part.
I agree with the majority opinion that there is no constitutional right of an indigent to require an administrative agency to provide a transcript of evidence received at an administrative hearing. On this issue I totally disagree with Justice Ehrlich. Furthermore, I do not construe section 57.081, Florida Statutes (1985), to require free transcripts of this type proceeding and, therefore, dissent to the result reached in this case.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the majority's conclusion that pursuant to section 57.081, Florida Statutes (1985), agencies must provide a transcript to indigents without charge. I cannot concur, however, with the majority's conclusion that indigents have no constitutional right to the same.
In my opinion, failure to provide a transcript to indigent petitioners can constitute a denial of due process. The majority relies on Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). In Ortwein, the United States Supreme Court emphasized that the appellants had received an agency hearing and held that "procedural due process requires that a welfare recipient be given a pretermination evidentiary hearing." Id. at 659, 93 S.Ct. at 1174. The Court reasoned that such a hearing provides a procedure, not conditioned on payment of any fee, through which appellants are able to seek redress. The Court continued by noting that it has long recognized that due process does not require a state to provide an appellate system. Based on the above, the Court concluded that refusal to waive the appellate court filing fee for indigents did not violate the due process clause of the fourteenth amendment.
In contrast to the Supreme Court's decision in Ortwein is the decision of this Court in Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974). In Scholastic Systems, this Court recognized that:
Due process requires that no one shall be personally bound until he has had his "day in court." A party is afforded his "day in court" with respect to administrative decisions when he has a right to a hearing and has the right of an appeal to a judicial tribunal of the action of an administrative body.
Id. at 169 (citation omitted; emphasis added). In order for the right of appeal to a judicial tribunal to be meaningful, I feel that a transcript of the administrative proceeding is necessary. This Court has previously stated that "[o]nce the State has chosen to establish an avenue of appellate review of orders requiring continued involuntary hospitalization, both our State and the Federal Constitution require that indigents be afforded review commensurate to that available to nonindigents." Shuman v. State, 358 So.2d 1333, 1336 (Fla. 1978). Although Shuman involved the involuntary commitment of petitioners to a mental hospital, which is a deprivation of liberty, the principle is equally applicable to other situations. As Justice Douglas recognized in his dissenting opinion in Ortwein: "Access to the courts before a person is deprived of valuable interests, at least with respect to questions of law, seems to me to be the essence of due process. We have recognized that token access cannot satisfy the requirements of due process." 410 U.S. at 662-63, 93 S.Ct. at 1175-76 (citation omitted).
Further, I must dissent from the majority's conclusion that because the right of appeal to a judicial tribunal is provided by section 120.68, Florida Statutes (1985), there was no denial of access to the courts *326 by persons having claims such as petitioners. To simply state that the matter is concluded because section 120.68 provides the avenue for appellate review of administrative action facilely avoids the question of whether that right has any substance in the absence of a transcript. I believe access to courts must mean more than the parsimonious reading given it by the majority.
In Shuman, petitioners were involuntarily committed to the Florida State Mental Hospital pursuant to the provisions of Chapter 394, Part I, Florida Statutes (1975), The Baker Act. When the hospital desired to continue the petitioners' involuntary hospitalization beyond the initial six-month commitment authorized by section 394.467(3), each petitioner was granted a hearing before a hearing officer for the Department of Administration, as provided by section 394.467(4)(a). Section 394.457(6)(d) provides for appellate review of an order requiring continued involuntary hospitalization. This Court concluded that in order for the review accorded to indigents to be commensurate with that accorded to nonindigents, the counties in which involuntary commitment proceedings are held must bear the cost of an indigent's transcript when an appeal is taken pursuant to section 394.457(6)(d). Shuman recognized that a transcript of the hearing conducted before a hearing officer for the Department of Administration is necessary for meaningful judicial review.
While recognizing that the clause of our constitution guaranteeing access to courts "is typically applied to guarantee every person the right of access to the courts for claims of redress of injury free of unreasonable burdens and restrictions," the majority contends that "[t]here is no suggestion that the filing fees or other costs incident to such judicial review are unreasonable as related to the general class of persons who may seek such review." At 323 (emphasis added). The access to courts provision of the Florida Constitution provides, "[t]he courts shall be open to every person for redress of any injury... ." Art. I, § 21, Fla. Const. (emphasis added). Therefore, the real issue is not whether a burden or restriction is unreasonable as applied to any particular class of persons; the burden or restriction must be examined in the context of its application to a particular person. Petitioners do allege that the requirement that they bear the cost of transcribing the administrative proceedings is an unreasonable burden in their particular circumstances and prevents them from obtaining meaningful judicial review. I agree.
It is important to remember that what is at issue in the present cases is not appellate review of a judicial determination, but rather initial access to an article V court for review of an adverse administrative determination. The plain language of article I, section 21 guarantees access to courts. The petitioners were required to proceed through the administrative process rather than directly entering the judicial system to adjudicate or resolve the various issues. In my opinion, meaningful judicial review by an article V court is essential to the fulfillment of the right guaranteed by article I, section 21.
BARKETT and KOGAN, JJ., concur.
NOTES
[1] Smith v. Department of Health & Rehab. Servs., 504 So.2d 801 (Fla. 2d DCA 1987); Kelly v. Department of Health & Rehab. Servs., 502 So.2d 42 (Fla. 1st DCA 1987); Harris v. Department of Corrections, 486 So.2d 27 (Fla. 1st DCA 1986).
[2] Several of the petitioners seek review of a hearing officer's determination of an intentional food-stamp violation; one of them complains of the rejection of a claim for retroactive medical assistance; another attacks the reduction of benefits under the Aid to Families with Dependent Children program for failure to cooperate in obtaining a child-support order; and the last is an inmate who seeks to invalidate the Lake Correctional Institution Orientation Handbook.
[3] Section 120.57(1)(b)(7) reads, in relevant part, as follows:

The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost.