PARKER, Judge.
Clifton Y. Sherwood has filed a petition for writ of certiorari to this court, seeking to quash a circuit court order denying him a right to a free transcript from a child support enforcement hearing. We deny the petition.
Pursuant to Florida Rule of Civil Procedure 1.491, the chief judge of the Twelfth Judicial Circuit entered an administrative order creating the position of hearing officers. The administrative order provided that the hearing officers would preside over all hearings which were conducted for the establishment, modification, and enforcement of support in both Title IV-D eases of the Social Security Act and non-Title IV-D cases. The administrative order provided that the hearings would be recorded by electronic means pursuant to Florida Rule of Judicial Adminis *870 tration 2.070. An electronic tape recorder was utilized in these hearings.
Sherwood appeared before a hearing officer in a child support enforcement hearing. The order from that hearing reflects that Sherwood was $33,925 in arrears toward support of his two children for which a judgment was entered and that Sherwood was ordered to pay $250 per month support plus court costs and attorney fees. Sherwood filed a motion to vacate and motion for rehearing, setting forth reasons why Sherwood believed the hearing officer had erred. The trial court ruled that before it could rule on the motions, it needed a typed transcript of the child support hearing. The issue of who would pay for the transcript arose. Sherwood’s position was that the hearing officer was responsible for providing the transcript. The trial court thereafter entered an order on April 19, 1994, that stated that a transcript was necessary to rule upon Sherwood’s motions and that Sherwood shall bear the cost of the transcript. Sherwood filed a petition for writ of certiorari challenging that order.
Sherwood contends that the hearing officer and the court system have the responsibility of providing the circuit court with a typed transcript of the hearing. Sherwood argues that he is being deprived of access to the court, due process, and equal protection by the court’s order that he must pay for the cost of providing the transcript. Sherwood has failed to present this court with any authority supporting his argument that the court’s order violated his constitutional rights, and we have found none. In fact, our supreme court concluded that an indigent person has no constitutional right to a free transcript in a noncriminal administrative appeal. Smith v. Dep’t of Health & Rehabilitative Servs., 573 So.2d 320 (Fla. 1991). We discern no reason for there to be a constitutional right to be provided a transcript in a child support enforcement proceeding when there is no such right in a noncriminal administrative appeal.
Sherwood also argues that he should be entitled to the transcript because general masters are required to provide transcripts under Florida Rule of Civil Procedure 1.490. Subsection (f) of that rule, however, states: “The evidence shall be taken in writing by the master or by some other person under the master’s authority in the master’s presence and shall be filed with the master’s report.” (Emphasis added). Florida Rule of Civil Procedure 1.491, which governs child support enforcement, does not contain a similar requirement. The supreme court, therefore, has established clearly in these two different rules that a general master must provide a transcript of its hearing and a hearing officer does not.
Sherwood finally argues that Florida Rule of Judicial Administration 2.070 establishes that if the court system chooses to use electronic reporting, then the court system should bear the responsibility of having the tape recording transcribed. Rule 2.070(c) provides that if the chief judge deems it appropriate to enter an administrative order authorizing electronic reporting, “Appropriate procedures shall be prescribed in the order which shall ... provide a means to have the recording transcribed ... when necessary for an appeal or for further use in the trial court.” (Emphasis added). We find nothing in that rule which mandates that a party must be provided with a free transcript of the electronically-recorded hearing.
We note that Sherwood included an order of indigency in his appendix. The trial court entered this order fifteen days after the court’s order that Sherwood was responsible for the cost of providing the transcript. This order declared Sherwood indigent for the limited purpose of the petition for writ of certiorari. Even if Sherwood would obtain an order of indigency covering the child support enforcement proceeding, we still conclude that he has no constitutional or statutory right to a free transcript. Thus, Sherwood’s petition for writ of certiorari is denied.
FRANK, C.J., and PATTERSON, J., concur.