THORNAL, Justice.
We have for review an order of the Florida Industrial Commission affirming an order of a Judge of Industrial Claims denying a claimant’s petition to be relieved of costs of preparing a transcript.
We must decide whether Fla.App.Rule 3.4(b) (3), 32 F.S.A., governs the provisions of F.I.C. Rule 6(c).
On August 10, 1967, claimant Concepcion was awarded certain benefits. Being dissatisfied with the award he filed an application for review on August 23, 1967. On September 6, 1967, the judge by certified mail sent to claimant’s counsel notification of the cost of a transcript. The mail delivery receipt showed that the notice was actually delivered on September 7, 1967. On September 28, 1967, twenty-one (21) days after receipt of such notification, pe *426 titioner-claimant filed a petition to be relieved of the cost of preparing the transcript. On November 13, 1967, the judge denied the petition. The Full Commission affirmed the denial and dismissed the petition for review. It is this order which is now before us.
F.I.C. Rule 6(b), reads:
“(b) Within ten days after the filing of the application for review, the judge of industrial claims shall notify the appellant or his attorney of the amount of cost required for the preparation of the transcript of the evidence adduced at the hearing and necessary copies thereof, and the appellant shall, within twenty days thereafter, deposit with the judge of industrial claims or the official reporter the sum so required. Upon the failure of the appellant to make the deposit required by the judge of industrial claims, the judge of industrial claims shall certify such fact promptly to the full commission and the application for review shall thereupon■ stand, dismissed by appropriate order,” (Emphasis added)
F.I.C. Rule 6(c), reads in part:
“(c) The appellant may be relieved of making a deposit and paying all or part of the cost for the preparation of the transcript of the evidence and copies, required under paragraph (b) of this rule, provided within twenty days after delivery of notice by the judge of industrial claims, as to the amount of deposit so required for preparation of the transcript and copies he makes and files with the judge of industrial claims a verified petition attesting that he is utterly unable to pay the cost thereof * * (Emphasis added)
Fla.App. Rule 3.4(b) (3), reads in part:
“ * * * service by mail shall add three days to the time allowed to do any act required to be done within a certain time after service of a notice or paper.” (Emphasis added)
Petitioner contends that the three day period allowed for service by mail under the Appellate Rule, supra, should control the instant situation. He then points out that when the judge sent out the notice on September 6, it had the effect of adding three days to the period allowed claimant for filing the insolvency petition. In this view the period started on September 9, and expired September 29, so that the petition filed on September 28, was within the twenty day period.
The difficulty with petitioner’s position is that F.I.C. Rule 6(c), requires action by the petitioner “within twenty days after delivery of notice” and the record here shows delivery by the certified mail on September 7. The critical act is delivery, not service. Even if we hold that the Appellate Rule governs workmen’s compensation review, the petitioner is still confronted with the fact that the F.I.C. Rule applicable here required action after delivery. Hence, when the petition was not filed within twenty days after delivery of the notice and no transcript was filed within the time required by F.I.C. Rule 6(b), the proceeding was subject to dismissal by the Full Commission.
We have not overlooked Dade County Planning Department v. Ransing, 158 So. 2d 528 (Fla.1963). It was there held that Fla.App.Rule 3.18, regarding computation of time, applied to the period establishing the finality of workmen’s compensation orders. It was held that when the last day of a twenty day period fell on a Sunday, then, the act required to be performed would not have to be done until the next business day. In the instant case the act was required to be performed within a period “after delivery” and the exact date of delivery was established in the record.
We are not confronted with any contention that there was abuse of discretion by the Full Commission. It is conceded that the sole point involves a proper interpretation of the quoted rules. It is conceded also, indeed we have held, that the *427 industrial judge and Full Commission act well within their power when they dismiss a proceeding, as here, for a failure to comply with the rules. General Accident Group v. Lieber, 146 So.2d 896 (Fla.1962).
The petition for certiorari is denied.
Petition for attorneys’ fees denied.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, and CALDWELL (Retired), JJ., concur.