OPINION REVISED
BOYER, Judge.
Petitioner seeks our review, by Writ of Certiorari, of Respondents’ denial to Petitioner of a gratuitous transcript of the proceedings which resulted in an order of the Career Service Commission dated February 7, 1973, by which the action of the Department of Education, Division of Universities, Florida State University, dismissing petitioner was sustained.
Petitioner was employed by the Department of Education, Division of Universities, Florida State University, on September 1, 1964, as a laboratory technician on a part-time basis. On July 1, 1965 he was reassigned to a full time position as a Computer Operator III. He served in that capacity until his dismissal on March 22, 1972. Timely appeal was taken by the petitioner to the Career Service Commission. A lengthy hearing was held which, because of various postponements and continuances, was spread over several days. Following that hearing (or those hearings) the order of February 7, 1973, above mentioned, was entered.
The proceedings were stenographically recorded by a court reporter. Petitioner now contends, and we agree, that no effective review of the questioned order may be accomplished without a transcribed record of at least part of the proceedings giving rise to the entry of that order. Respondents take the position that they were obligated only to have the proceedings recorded and that it is not their responsibility to procure the transcription of the reporter’s notes.
Petitioner calls to our attention, and respondents concede, that respondents indulge in the practice (pursuant to appropriate internal rules and regulations) of furnishing to certain classes of respondents’ employees, specifically faculty members, gratuitous transcripts under like circumstances. Petitioner contends that such discrimination in disciplinary matters and proceedings among respondents’ employees constitutes unequal protection of the laws, contrary to the provisions of the Constitutions of the United States of America and the State of Florida. We agree.
We can find no legal requirement mandating that respondents gratuitously furnish to any of its employees a free transcript of proceedings or hearings giving rise to disciplinary action, including dismissal. However, having elected so to do for some, respondents must do so for all. It may not discriminate in disciplinary matters and proceedings between employees or classes of employees.
*417 Petitioner has urged that he is entitled to a free transcript because he is indigent. We here emphasize that such is not the basis of our decision. We rest our decision squarely upon the requirement of equal treatment in disciplinary matters and proceedings of all employees of a single state agency or entity. Unequal treatment, under circumstances as appear in the case sub judice, constitutes unconstitutional denial of equal protection of the laws.
We are ever anxious to lighten the burden on the taxpayers of the State of Florida who must ultimately bear the cost of transcripts furnished gratuitously to litigants. With that thought in mind we call to the attention of petitioner and respondents the case of Draper v. Washington, 372 U.S. 487, 82 S.Ct. 774, 9 L.Ed.2d 899 and a recent opinion in this Court in Cueni v. State, 303 So.2d 411, Fla.App. (1st) 1974.
The Petition for Writ of Certiorari is granted and respondents are hereby directed to forthwith furnish petitioner with a transcript of such portions of the record of the proceedings giving rise to the order of the Career Service Commission entered in Case No. 72-25 dated February 7, 1973 as shall be necessary for our review thereof; all parties to be guided by the guidelines and suggestions contained in the two cases above cited.
We initially issued our opinion herein without confining our holding to disciplinary matters and proceedings. A petition for rehearing was filed which led us to believe that a broader interpretation might be placed upon our holding than was by us intended. We have accordingly withdrawn our original opinion and reissued same by emphasizing that our holding is here confined to disciplinary matters and proceedings. As our opinion is so revised, the petition for rehearing is denied.
It is so ordered.
SPECTOR, Acting C. J., and McCORD, J., concur.