338 So.2d 1297 (1976)
Robert MICK, D.D.S., Petitioner,
v.
FLORIDA STATE BOARD OF DENTISTRY, Respondent.
No. DD-160.
District Court of Appeal of Florida, First District.
October 26, 1976.
*1298 Lester W. Jennings, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Carol L. Reilly, Asst. Atty. Gen., L. Haldane Taylor, of Taylor & Brecher, Jacksonville, for respondent.

ON MOTION TO DISMISS AND MOTION TO STRIKE
BOYER, Chief Judge.
Respondent has moved to dismiss the above-styled Petition for Review, primarily on the ground that the petition was untimely filed. The final order rendered by respondent was dated July 26, 1976, and was mailed to petitioner who received it on July 29, 1976. The Petition for Review was filed in this Court on August 30, 1976.
In an effort to demonstrate the timeliness of his petition, petitioner relies on Dubin v. Department of Business Regulation, Fla.App.1st 1971, 252 So.2d 290. In that case, this Court, noting the irregular procedure by which some administrative agencies publish and make part of the public record their written orders, held that when an agency sitting in a quasi-judicial capacity mailed a copy of its written order to the affected parties, three days will be added to the 30 day period for filing a petition challenging that order. Applying the Dubin rationale to the case sub judice, the 30 day period for filing a Petition for Review commenced on the date that the final order was rendered (July 26, 1976) and would have normally ended on August 25, 1976; but since the final order was mailed to petitioner, three days will be added for mailing which extended the period for filing the petition by three days, or until August 28, 1976. Since August 28, 1976, was a Saturday, and August 29, 1976, was a Sunday, the filing of the Petition for Review on August 30, 1976, was timely. (See Rule 3.18, FAR)
Respondent cites two cases which purportedly support the Motion to Dismiss. First, respondent argues that when evidence of actual mail delivery on a specific date is presented, the time for filing a Petition for Review runs from the date of actual delivery, citing Concepcion v. Southern General Builders, Inc., Sup.Ct. Fla. 1969, 219 So.2d 425. Sub judice, petitioner received notice of the final order on July 29, 1976. Counting that date as the first day of the 30 day period, the time for filing a Petition for Review would have ended on August 27, 1976. A review of the Concepcion case, however, reveals that it is inapplicable to the case under consideration. The Supreme Court in Concepcion was dealing with an Industrial Relations Commission rule which specifically provided that a certain act must have been taken within 20 days after "delivery of notice" by the Judge of Industrial Claims. There is no corresponding rule of appellate procedure requiring that a certain act be taken within so many days from the "delivery of notice". Even were we to apply the "delivery of notice" date as respondent suggests, the petition would nevertheless be timely. Under Rule 3.18, FAR, in computing any period of time, the day of the act or event from which the designated period of time begins to run is not to be included. Thus, beginning with the day after the date of the event (delivery of notice), the 30 day period would have ended on August 28, 1976, which as previously noted was a Saturday. Thus, a petition filed on August 30, 1976, (the following Monday) would be timely.
Respondent also relies on Shevin ex rel. State v. Public Service Commission, Sup.Ct. Fla. 1976, 333 So.2d 9. In that case, the Public Service Commission rendered its order orally and never reduced it to writing. Petitioner there argued that this Court's Dubin decision extended the time for filing his petition by three days. The Supreme Court noted that under those circumstances, the time for filing a Petition for Review was to be measured from the actual date upon which the administrative action was taken. By analogy, respondent argues that *1299 the time in the instant case should be measured from the date that the agency took its action, rather than from the date when the action was reduced to written order. However, as the Supreme Court noted in its decision, there was no written order whatsoever, and the rule laid down in Dubin could have no application to an order that was never reduced to writing and was never mailed.
We, therefore conclude that the logic of the Dubin decision is applicable to the case sub judice and that the Petition for Review filed on August 30, 1976, was timely filed.
Petitioner has filed a document entitled "Directions to Respondent Agency for Preparing Record on Appeal" in the body of which he directs respondent "to prepare the original and two copies of the record on appeal in this cause as set out in Section 120.57(5) [correctly Section 120.57(1)(b) 5], Florida Statutes, and to furnish the original to the District Court of Appeal, First District, and copies to the attorneys for the respondent agency and to the undersigned attorney for the petitioner." Respondent has filed a Motion to Strike that document alleging, inter alia, that review from final agency action must be sought pursuant to Rule 4.5(c), FAR, which clearly requires petitioner to prepare and file the record when he files his petition, citing Yamaha International Corp. v. Ehrman, Fla.App.1st 1975, 318 So.2d 196 and other cases.
In the Yamaha case, we did indeed hold that the appropriate rules for such review are those governing certiorari (Rule 4.5(c), FAR), but as amplified by the requirements of Section 120.68, Florida Statutes. We thereupon directed petitioner to file, among other things, "a supplemental record complying with the above requirements."
The Yamaha decision was rendered during the early months of our struggle with attempting to apply the Florida Appellate Rules and the traditional concepts of appellate review to petitions for review filed pursuant to the new Administrative Procedure Act, which became effective January 1, 1975. Subsequent experience, continuing in the absence of any rule promulgated by the Supreme Court of Florida, has required that we determine the party responsible for preparation of the record to be used on review. (Please see The Amalgamated Transit Union, Local 1464 v. Public Employees Relations Commission, and the City of Tampa, Florida, Fla.App. 1976, 338 So.2d 1285; University of South Florida College of Medicine Faculty Association v. Public Employees Relations Commission, et al., Fla.App. 1976, 338 So.2d 1286 and City of Panama City, Florida v. Public Employees, Relations Commission, et al., Fla.App. 1976, 338 So.2d 1284.) Although said cases sought review of actions involving the Public Employees Relations Commission, we have determined that the procedures there established should be made applicable to reviews generally under the Administrative Procedures Act. Accordingly, we hold, without in any manner receding from our decision in Yamaha International Corp. v. Ehrman, supra, that in the absence of a rule prescribing the method of preparation, and until the Supreme Court of Florida has adopted an appropriate rule, the petitioner should designate to the agency those documents or things under the control or in possession of the agency which the petitioner desires to have included in the record and the record should then be prepared by the agency in one of the following ways:
1. Original Record. The agency shall include in the record all of the designated portions of the original papers and exhibits in the proceedings in which the review is taken, together with a copy of any such parts of the proceedings as were stenographically reported and as have been designated by the parties and certified by the reporter or other officer for inclusion in the record on review, and certified copies of the order of which review is sought.
2. Transcript of Record. If the parties shall so stipulate or if the agency is of the opinion that the original papers in the case should be kept in possession of the agency pending review for use in other proceedings or for other valid reasons, the agency may make an order to that effect, and thereupon it shall be the duty of the agency to include *1300 in the record a certified copy of such papers, exhibits or other transcript of proceedings.
Upon preparing the record in accordance with one of the foregoing suggestions and in accordance with the designations received from the petitioner, the agency should transmit same to the petitioner upon being paid by the petitioner the cost of preparation, which shall be borne by the party requesting the record; the charges not to exceed the cost which a Clerk of a Circuit Court may charge for preparation of a record on appeal in accordance with the Florida Appellate Rules.
The record for review should be transmitted to the Clerk of the Appellate Court by the petitioner as required by Rule 4.5(c), FAR.
We recognize that Rule 4.5(c)(1), FAR, provides in part: "Unless otherwise ordered by the Court, it [the petition] shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential." We also recognize that in many instances it will not be possible to file the record, prepared as above provided, simultaneously with the petition. In such instances, the petition should be accompanied by a motion, pursuant to the above mentioned rule, requesting an extension of time, for a definite period, within which to comply with the foregoing and within which to file such record for review.
Respondent's motion to strike the directions served upon it by petitioner is denied.
It is so ordered.
RAWLS and McCORD, JJ., concur.