ON MOTION TO COMPEL
BOYER, Chief Judge.
This Court in Mick v. Florida State Board of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976), directed the manner in which the record on appeal should be prepared incident to petitions for review filed pursuant to the Administrative Procedure Act which became effective January 1, 1975. In an attempt to comply with those directions the petitioner sub judice has filed directions to the Career Service Commission for the preparation of the record, and has requested that there be included therein “transcript of deliberations on the appeal of Robert L. Prince” and “a complete transcript of the proceedings held before the Career Service Commission”.
Petitioner has now filed with this Court a motion, citing Rule 3.9, FAR, requesting that this Court enter an order compelling the Career Service Commission and/or the Department of Banking and Finance to *131 forthwith prepare the record in accordance with the petitioner’s directions, alleging that the Career Service Commission generally hires, and in the case sub judice did hire, court reporters to report and transcribe its proceedings and that sub judice the Commission engaged a Ms. Pat Gomia and Capital Reporting Service. Petitioner further alleges and reasons that inasmuch as the Career Service Commission hired the court reporters to report the proceeding then the transcripts of the proceedings and deliberations are under the control of the Career Service Commission (Mick v. Florida. State Board of Dentistry, supra). The petitioner further alleges that he stands ready, willing and able to pay the cost of preparation and has notified the Commission of such, and the record before us reveals that petitioner has in fact tendered payment to the Commission for such preparation in accordance with Mick v. Florida State Board of Dentistry, supra. Petitioner’s motion further alleges that the portion of the proceedings reported by Capital Reporting Service has been prepared but for some reason is in the custody of the Department of Banking and Finance.
The respondents, on the other hand, appear to take the position that they may shift responsibility to and fro between them and shift the record to and fro between them and thereby take the position that the one who has been directed to prepare the record is not in control of that portion of the record designated to be included by the directions of the petitioner.
Correspondence between the parties which appears in the file of this case reveals that the respondent Career Service Commission also takes the position that although the court reporter was retained by the Career Service Commission it nevertheless has no duty nor responsibility to have the proceedings transcribed and that it is the obligation of the petitioner, although petitioner did not participate in retention of the reporter’s services, to require that the court reporter transcribe the proceedings and that petitioner pay the court reporter directly for such transcription.
We are of the view, and hereby hold, that it is the duty of the agency, sub judice the Career Service Commission, to insure that, in the absence of a waiver by all parties affected, the proceedings before the Career Service Commission are recorded or reported and that upon request of a petitioner by the filing of directions in accordance with Mick v. Florida State Board of Dentistry, supra, and the cases therein cited, it is the duty and responsibility of such agency, upon tender or deposit by petitioner of the cost of preparation, as provided in Mick v. Florida State Board of Dentistry, supra, to have the record transcribed and prepared and to furnish same in accordance with the directions set forth in Mick v. Florida State Board of Dentistry, supra. We are of the further view that when records which have been designated by the petitioner are in the possession of a co-respondent that such records are constructively or effectively within the control of the respondent to whom designations have been directed, in the absence of proof to the contrary, and that such respondent to whom such directions have been directed has the duty and obligation of obtaining same from the co-respondent and including same in the record as directed in such directions filed by a petitioner.
Accordingly, respondent Career Service Commission in the case sub judice is directed to forthwith, upon petitioner again tendering payment or deposit, in accordance with Mick v. Florida State Board of Dentistry, supra, furnish the record to petitioner for filing as provided in Mick v. Florida State Board of Dentistry. The petitioner’s request for a “transcript of deliberation on the appeal of Robert L. Prince” was denied by this Court’s order of April 15, 1977. We yet adhere to that order.
IT IS SO ORDERED.
RAWLS and MeCORD, JJ., concur.