SHIVERS, Judge.
Appellant seeks review of hearing officer’s order dismissing petition challenging Department of Environmental Regulation policy of dismissing exceptions to a hearing officer’s proposed findings of fact unless the appealing party submits a complete written transcript of the hearing at the expense of the appealing party. Appellant contends this mandatory policy of DER is an invalid exercise of delegated legislative authority since it has not been formally adopted as a rule pursuant to Section 120.-54, Fla.Stat. (1979).
The parties stipulated that DER routinely rejects a party’s exceptions to a hearing officer’s recommended order filed pursuant to Section 120.57(lXb), 4 unless the party seeking the establishment of the exception supplies a complete record including a transcript.
Under Section 120.57(l)(b)9, DER is required to review the complete record of an administrative proceeding before modifying or rejecting the findings of fact of a recommended order.
Section 120.57(l)(b)5i specifies that the “official transcript” is a part of the complete record of Section 120.57(1) proceedings.
Section 120.57(l)(b)6 provides:
The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost.
We have already held that, for purposes of appellate review, this subsection requires the appealing party to furnish the court with a transcript. Mick v. Florida State Board of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976); see also Harrell v. State Dept. *751 of Health, etc., 361 So.2d 715 (Fla. 4th DCA 1978).
Further, Section 28 — 5.306, Florida Administrative Code, places the burden of securing a transcript on the party who wishes the transcript, at that party’s expense.
We now hold that the burden of furnishing a transcript is on the party seeking review at the agency level, and conclude it is not necessary to formally adopt the exceptions/transcript requirement as a rule. Accordingly, the hearing officer’s order dismissing the petition is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.