## GRETZ v DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, DIVISION OF UNEMPLOYMENT COMPENSATION

### Case No. 86-4961R

State of Florida, Division of Administrative Hearings

February 26, 1987

#### APPEARANCES OF COUNSEL

**Suzanne Harris** for petitioner.

**John D. Maher** for respondent.

#### OPINION

ROBERT T. BENTON, II., Hearing Officer.

#### *FINAL ORDER*

By order entered January 15, 1987, petitioner's motion to waive

hearing was granted, with respondent's assent, and a briefing schedule was established. Petitioner's reply brief was filed on January 30, 1987.

By her petition, the petitioner asserts the invalidity of respondent's Rules 38E-3.003(2)(b) and 38E-3.009(3), Florida Administrative Code. These rules authorize the Unemployment Appeals Commission to charge a party who institutes judicial proceedings "no more than actual costs for duplication of the tape recording of the proceedings or transcription of the proceedings." Rule 38E-3.009, Florida Administrative Code. The other rule provision under challenge, Rule 38E-3.003(2)(b), Florida Administrative Code, authorizes the Commission to charge for duplication of the record on appeal.

Neither of the challenged provisions, petitioner contends, can be reconciled with Section 443.041(2)(a), Florida Statutes (1985), prohibiting "fees of any kind in any proceeding under this chapter by the commission or . . . any court. . . ."

## ISSUE

Whether Rules 38E-3.003(2)(b) and 38E-3.009, Florida Administrative Code, or either of them, constitute an invalid exercise of delegated legislative authority, within the meaning of Section 120.56, Florida Statutes (1986 Supp.)?

Filed with petitioner's initial brief was a stipulation that certain documents might be admitted into evidence. In accordance with the parties' stipulation, a letter from the Unemployment Appeals Commission and an affidavit executed by Rica Gretz have been received into evidence. They form the basis of the following

## FINDINGS OF FACT.

Rica L. Gretz lives in Sebring with her four children who range in age from five to ten. After Heritage House Nursing Home fired her, she applied for unemployment benefits. She is now seeking judicial review of the Unemployment Appeals Commission's denial of her application. *Gretz v. Unemployment Appeals Commission,* No. 86-3218 (2d DCA Fla.; N/A filed Dec. 17, 1986). She "do[es] not have any money that . . . [she] can spend on a transcript or copying costs for this appeal." Stipulation, Attachment B.

A form letter from the Unemployment Appeals Commission dated December 18, 1986, and addressed to "Appellant" paraphrased the transcription options under Rule 38E-3.009, Florida Administrative Code, as follows:

1. You may request duplicates of the tapes used to record the

hearing and have them transcribed by a court reporter. You will be responsible for insuring that the court reporter transcribes the tapes and the original is filed with the Commission according to the time schedule specified in the rule. The cost of tape duplication is $10.00 per cassette. 2 cassettes were used to record the hearing in your case.

2. You may request that the Commission transcribe the tapes for you at your expense. The cost of transcription by the Commission is $1.75 per page. The Commission will begin transcription of the tapes upon receipt of a $25.00 advance towards the payment of costs. Upon completion of transcription you will be sent a final bill for costs. No transcript will be transmitted to the court until payment in full has been received. Payment should be by check or money order payable to the Unemployment Appeals Commission. Attachment A to the Parties', Stipulation.

The form letter also advises that a copy of the index of the record on appeal will be furnished at no cost, and that the entire record is available at $.25 per page.

## BACKGROUND RECITED

Although not part of the parties' stipulation, the statement of the case and the facts in respondent's answer brief (to which petitioner has taken no exception) helps place in historical perspective the challenged rules, which were adopted only last year.

The Unemployment Appeals Commission was created by the legislature in 1977. s. 20.171(4)(b), Fla. Stat. The Commission assumed the authority of the Industrial Relations Commission over unemployment compensation matters. At that time, few cases were appealed to the district courts of appeal. Consequently the Commission, then designated the Board of Review, contracted with outside personnel to transcribe hearing tapes for cases being reviewed by the courts. During the next ten years, the number of cases dramatically increased. The Commission continued to provide transcripts to the courts and the parties without demanding advancement or taxation of costs as provided in Florida Rule of Appellate Procedure 9.400(a). The Commission did, however, begin to use its own personnel to prepare transcripts as a means of reducing expenses. Eventually, the expenses became excessive and the Commission decided to tax costs to the parties in accordance with Chapter 120 and the Florida Rules of Appellate Procedure.

The preceding paragraph is a verbatim excerpt from respondent's statement of the case and facts.

250

## CHALLENGED PROVISIONS

The full text of the challenged rule provision governing transcription costs reads, as follows:

Within 10 days of filing of the notice, the appellant shall designate those portions of the proceedings for transcription and inclusion in the record. Within 20 days of filing of the notice, the appellee may designate additional portions of the proceedings. Copies of designations shall be served on the Clerk of the Commission along with a request that the Clerk provide a duplicate of the tape recorded record of the proceedings for transcription by a court reporter. Within 30 days of a designation, the designating party shall insure that the court reporter shall transcribe and deliver to the Clerk of the Commission the designated proceedings. In the alternative, the designating party may request that the Clerk of the Commission arrange transcription of the designated proceedings by the clerk's staff or other qualified person. The Clerk shall charge no more than actual costs for duplication of the tape recording of the proceedings or transcription of the proceedings. Costs shall be borne initially by the designating party, subject to taxation of costs as prescribed by Florida Rule of Appellate Procedure 9.400.

Rule 38E-3.009(3), Florida Administrative Code.

Under the heading, "Record on Appeal," Rule 38E-3.003, Florida Administrative Code, prescribes the contents of the record on appeal, specifies that copies are available to the parties on written request, and provides: "Parties shall be required to pay a duplication charge no in excess of actual cost." Rule 38E-3.003(2)(b), Florida Administrative Code.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of petitions like the present one challenging administrative rules as an invalid exercise of delegated legislative authority. Section 120.56, Florida Statutes (1985).

The parties take the scholarly final order entered in *Mary Ward et al. v. State of Florida, Department of Labor and Employment Security, Unemployment Appeals Commission,* No. 86-2430R (DOAH; Sept. 15, 1986) (validity of proposed Rule 38E-3:009(3) upheld), as a common point of departure, in evaluating petitioner's claim that Rules 38E-3.003(2)(b) and 38E-3.009(3), Florida Administrative Code, are an invalid exercise of delegated legislative authority.

Like the petitioners in the *Ward* case, petitioner here contends that

**251**

Rule 38E-3.009(3), Florida Administrative Code, shall be invalidated as incompatible with the statute outlawing "fees of any kind," Section 443.041(2), Florida Administrative Code (1985), in unemployment compensation proceedings. Petitioner makes the same argument with respect to Rule 38E-3.003(2)(b), Florida Administrative Code, insofar as it requires a party seeking judicial review to pay for a copy of the transcript. The statutory subsection reads in full:

(2) FEES.—

(a) *No individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the commission* or division or their representatives, or by any court or any officer thereof, except as hereinafter provided. Any individual claiming benefits in any proceeding before the commission or division, or representatives of either, or a court may be represented by counsel or duly authorized agent, but no such counsel or agent shall either charge or receive for such services more than an amount approved by the commission or division or by the court.

(b) An attorney at law representing a claimant for benefits in any district court of appeal of this state or in the Supreme Court of Florida shall be entitled to counsel fees payable by the division as fixed by the court in either of the following cases:

1. Where petition for review or appeal is initiated by any party to such proceeding other than the claimant, or

2. Where such petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits than did the decision under review or from which appeal was taken.

(c) Attorneys' fees awarded under this section shall be paid by the division out of employment security administration funds as a part of the costs of administration of this chapter and may be paid directly to the attorney for the claimant in a lump sum.

(d) Any person, firm or corporation who or which seeks or receives any remuneration or gratuity for any services rendered on behalf of a claimant, except as allowed by this section and in an amount approved by the division or commission or by a court, shall be guilty of a misdemeanor. Any person, firm or corporation who or which shall solicit the business of appearing on behalf of a claimant, or shall make it a business to solicit employment for another in connection with any claim for benefits under this chapter, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

Section 443.041(2), Florida Statutes (1985). (Emphasis supplied)

Respondent concedes that the statute applies not only to attorney's fees but also to "fees of any kind . . . by the commission." Section 443.041(2), Florida Statutes (1985).

In construing Section 443.041(2), Florida Statutes (1985), the hearing officer in the *Ward* case concluded that the Commission's charge for transcription was not a fee, within the meaning of the statute:

Section 443.036, *Florida Statutes,* entitled "definitions" does not define the word "fee." Webster's New Collegiate Dictionary (1977) defines "fee" as (1) a fixed charge; (2) a charge for professional services. Neither of these definitions fully encompasses the cost of providing a transcript needed to perfect an appeal to the court.

At p. 3.

And the Commission argues, in the present case, that its charges for transcription are not fees, but costs, contending that Section 443.041(2), Florida Statutes (1985), "is silent with respect to transcripts." Answer Brief, p. 7. As an alternative ground of decision, the *Ward* order concludes that the Administrative Procedure Act requires parties who seek judicial review to pay for necessary transcripts.

### Burden on Petitioner

Until and unless otherwise demonstrated, a duly promulgated rule is presumed valid and binding. *E.g., Boca Raton Artificial Kidney Center, Inc., v. Department of Health and Rehabilitative Services,* 493 So.2d 1055 (Fla. 1st DCA 1986). As the "one who attacks," *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 So.2d 759, 763 (Fla. 1st DCA 1978) *cert. den.* 376 So.2d 74 (Fla. 1979(, duly promulgated rules, the petitioner has the burden to:

show that (1) the agency adopting the rule has exceeded its authority; (2) that the requirements of the rule are not appropriate to the ends specified in the legislative act; and (3) the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary or capricious. *Department of Administration, Division of Retirement v. Albanese,* 45 So.2d 639, 641 (Fla. 1st DCA 1984).

Although the challenger's burden "is a stringent one," *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 So.2d 759, 763 (Fla. 1st DCA 1978) *cert. den.* 376 So.2d 74 (Fla. 1979), a petitioner who shows that a rule purports to accomplish what a statute forbids has met the challenger's burden. The legislature may authorize

administrative agencies to interpret, *Department of Professional Regulation, Board of Medical Examiners v. Durrani,* 455 So.2d 515, 517 (Fla. 1st DCA 1984), but never to alter statutes. *State, Department of Business Regulation v. Salvation Limited, Inc.,* 452 So.2d 65 (Fla. 1st DCA 1984).

## Transcripts for Review

Before the appellate rules were revised in 1977, the court in *Mick v. Florida State Board of Dentistry,* 338 So.2d 1297 (Fla. 1st DCA 1976), set out the procedure for preparation of the record on a petition for review, pursuant to Section 120.68, Florida Statutes, the equivalent of the present "appeal of administrative action," Fla. R. App. P. 9.100(c):

> Upon preparing the record in accordance with one of the foregoing suggestions and in accordance with the designations received from the petitioner, the agency should transmit same to the petitioner upon being paid by the petitioner the cost of preparation, which shall be borne by the party requesting the record; the charges not to exceed the cost which a Clerk of a Circuit Court may charge for preparation of a record on appeal in accordance with the Florida Appellate Rules.

> The record for review should be transmitted to the Clerk of the Appellate Court by the petitioner as required by Rule 4.5(c), FAR.

> 338 So.2d at 1300.

Also decided before the March 1, 1978, effective date of the 1977 revision of the appellate rules, were *Prince v. Florida Department of Banking and Finance, Division of Securities,* 346 So.2d 130 (Fla. 1st DCA 1977) and *Harrell v. State Department of Health and Rehabilitative Services,* 361 So.2d 715 (Fla. 4th DCA 1978) to the same effect.

Under the current rules, transcripts do not pass through a private party's hands on their way to the appeals courts. See *Smith v. School Board of Leon County,* 390 So.2d 731 (Fla. 1st DCA 1980) and *Erin Gayle McCormick v. Department of Professional Regulation, Board of Nursing,* No. AW-268 (Fla. 1st DCA Jan. 27 and Feb. 28, 1984). In *Booker Creek Preservation, Inc. v. State, Department of Environmental Regulation,* 415 So.2d 750 (Fla. 1st DCA 1982), the court said, citing the *Mick* and *Harrell* cases, that then Section 120.57(1)(b)6., Florida Statutes, now codified as Section 120.57(1)(b)7., Florida Statutes (1986 Supp.), "requires the appealing party to furnish the Court with a transcript." 415 So.2d at 750. But see *Wong v. Career Service Commission,* 371 So.2d 530 (Fla. 1st DCA 1979).

The *Booker Creek* decision deals, however, with the question of

whether a litigant may be required to have a transcript prepared as a prerequisite to review *by the agency head* of fact findings in a hearing officer's recommended order. On this point, the court "h[e]ld that the burden of furnishing a transcript is on the party seeking review at the agency level," 415 So.2d at 751, and its remarks about judicial review were in the nature of *obiter dicta.*

### Section 120.57(1)(b)7

When an agency incurs the expense of producing a transcript "on the request of any part," Section 120.57(1)(b)7., Florida Statutes (1986 Supp.), who has instituted proceedings for appellate review, cases construing the Florida Rules of Appellate Procedure contemplate that the requesting party will reimburse the agency, before the agency transmits the record to the appellate court. In this way, the party at whose behest the proceedings are transcribed bears the cost of the transcription, "subject to appropriate taxation of costs as prescribed by Rule 9.400." Fla. R. App. P. 9.200(b). Where, however, the agency has already paid for a transcript to be prepared and filed, before proceedings for judicial review are instituted, the requesting party need not reimburse the agency the costs of transcription. *Britt v. Department of Professional Regulation,* 478 So.2d 1119 (Fla. 1st DCA 1985) ("transcripts . . . on file with the clerk of the lower tribunal when the notice of appeal is filed" cannot be billed to appellant).

The *Harrell* court stated, "[p]ursuant to Section 120.57(1)(b)6 [now 120.57(1)(b)7.], the cost of preparing the transcript of agency proceedings must be borne by the petitioner seeking review," 361 So.2d at 761, but the court was not construing the Administrative Procedure Act as authority for the proposition that the "petitioner seeking review" had to furnish the transcript, dicta in *Booker Creek* notwithstanding. As authority for that proposition, the *Harrell* court cited *Prince v. Florida Department of Banking and Finance, Division of Securities,* 346 So.2d 130 (Fla. 1st DCA 1977) and the *Mick* case which, in turn, cited the appellate rules.

The statutory reference in *Harrell* pertained only to the mechanics of obtaining a transcript. The pertinent language states simply:

> The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost. Section 120.57(1)(b)7., Florida Statutes (1986 Supp.).

Under the statute, a party may request a transcript for use in preparing a proposed recommended order, for use in a related civil action, or for

any number of purposes other than pursuing judicial review of final agency action. The statute draws no distinction among these various possible uses and does not, in terms, require that an agency charge anything for a transcript. The statute sets a ceiling, but establishes no floor.

In reaching this conclusion, the courts have never suggested that a statute could not be enacted to require a different result. The *Harrell* court expressly stated:

If the legislature decides that indigent petitioners ought to be provided at state expense a transcript of agency proceedings it may so provide by appropriate legislation.

361 So.2d at 718.

It is equally clear that the legislature has the power to decide that unemployment benefits claimants, indigent or not, ought "to be provided at state expense a transcript of agency proceedings." 361 So.2d at 718. The question petitioner's challenge to respondent's Rule 38E-3.009(3), Florida Administrative Code, poses is whether, by enacting Section 443.041(2), Florida Statutes (1985), the legislature has done so. If the statute proscribes charges for transcripts, the agency cannot by rule impose such charges.

### Fees, Costs And Charges

Petitioner contends, as earlier stated, that charges for preparing and furnishing a transcript amount to fees, which are beyond respondent Commission's authority to impose, because "fees of any kind in any proceeding . . . by the Commission," Section 443.041(2), Florida Statutes (1985), are forbidden. Citing the final order in the *Ward* case, respondent maintains that charges for a transcript are not a fee, but a cost.

Since Chapter 443, Florida Statutes (1985), does not define "fee" as used in the chapter, the word must be given its "plain meaning," because "the legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute." *Thayer v. State,* 335 So.2d 815 (1976). "The plain meaning of the statutory language is the first consideration." *St. Petersburg Bank & Trust Co. v. Hamm,* 414 So.2d 1071 (Fla. 1982).

Black's Law Dictionary (Rev. 4th Ed. 1968) defines fee as a "charge fixed by law for services of public officers or for use of a privilege under control of government. . . . A recompense for an official or professional service or a charge or emolument or compensation for a

256

particular act or service." This definition encompasses a charge by the Unemployment Appeals Commission for preparation of a transcript.

The duplication of recording tapes and the production of transcripts for recording tapes undoubtedly cost the Commission money, just as conducting hearings and affording administrative review of referees' decisions also cost money. If the Commission charged for hearings or administrative review "at no more than actual cost," however, it would surely run afoul of the prohibition against imposing fees on claimants. The prohibition against fees does not depend on their amount, or on the relationship they bear to the costs incurred in performing the services for which the fees are charged.

The statute prohibits the Commission's requiring money from any "individual claiming benefits," as a prerequisite to pursuit of his legal rights. In clear and unmistakable language, the statute forbids "fees of any kind," including fees for transcription like those Rule 38E-3.009(3), Florida Administrative Code, imposes, whenever a claimant requires a transcript to prosecute his or her claim by seeking judicial review. See generally *Baeza v. Pan American/National Airlines,* 392 So.2d 920, 923 (Fla. 3d DCA 1980).

New Jersey's Unemployment Compensation Agency made the same argument respondent makes here, in contending that the New Jersey unemployment compensation law, identical in pertinent part to the Florida law, did not require that a claimant be furnished a transcript charge. R.S. 43:21-15(b), N.J.S.A. provided:

No individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the commission or its representatives or by any court or any officer thereof.

The New Jersey agency argued that it could charge a claimant who had instituted judicial review proceedings for furnishing him a copy of the transcript of the testimony before the agency, on grounds that "the cost of a transcript of testimony is an item of cost and not a fee." *Sweeney v. Board of Review, Division of Employment Security, Department of Labor and Industry,* 43 N.J. 535, 206 A.2d 345, 349 (N.J. 1965). For a unanimous court, Chief Justice Weintraub rejected this contention:

Let us define the terms. The word "fee" describes a charge made for a service rendered. The word "costs" here means an allowance made in favor of one litigant as against another. See 9A Words and Phrases (perm. ed. 1959-1960), Costs, pp. 634-636, and Vol. 16, Fee; Fees-As a Charge, pp. 525-526; Goodhart, "Costs," 38 Yale L.J. 849 (1929). Thus a payment for services made to the clerk of the court,

to a witness, or to an attorney is a "fee", and if it is included among the items a party may recover from another, it is also a taxable "cost." . . .

With this understanding of "fees" in mind, the statutory meaning becomes evident. Section 15(b) quoted above says a claimant shall not be charged "fees of any kind * * * by the commission or its representatives or by any court or any officer thereof." The stenographic record is transcribed by employees of the agency as part of their regular work. A charge by the agency to a claimant for the transcript would be a "fee" for the services so rendered.

206 A.2d at 349, 350.

Every court that has considered the question has reached the same conclusion. *Smith v. Adams*, 370 A.2d 288 (N.H. 1977) ("legislative intent in proscribing 'fees of any kind' in unemployment compensation cases is . . . to relieve them from the burden of paying charges disproportionately high in relation to the benefits to be gained" at 289); *Gray v. Blacke*, 492 So.2d 840 (La. App. 3rd Cir. 1986) (Louisiana statute forbidding fees or costs of any kind approved); *Butler v. City of Newaygo*, 320 N.W.2d 401 (Mich. Ct. App. 1982) ("statutory prohibition against charging fees to claimants for unemployment compensation benefits is unambiguous" at 403); *Cities Services Oil Co. v. Administrator, Louisiana Department of Employment Security*, 383 So.2d 1315, 1320 (La. App. 3rd Cir. 1980).

The hearing officer in the *Ward* case was of the opinion that the *Butler* case, the only one of the foregoing cases to which counsel in the *Ward* case adverted, could be distinguished, on the grounds that the Michigan court reporters were "salaries employees of their respective counties," 320 N.W.2d at 403, while many Florida court reporters are "freelance." But, in the present case, respondent's counsel has represented that Commission employees transcribe the hearing tapes.

### Indigency Immaterial

The petition alleges that Rica Gretz was "ordered . . . [to] deposit $25.00 to the UAC in order to begin work on transcribing the tape . . . [but that s]he simply does not have the initial $25.00 for a deposit or any other money for the final payment or duplication fees." The parties' stipulation tends to establish her indigency, if not the allegations about a required deposit, but whether a claimant has money to pay does not matter, under the current law of Florida.

As a general proposition, no administrative agency is obliged to furnish a transcript to an indigent litigant who seeks judicial review of

258

agency action in accordance with Section 120.68, Florida Statutes (1985), and the appellate rules. *Harris v. Department of Corrections,* 486 So.2d 27 (Fla. 1st DCA 1986) *app. pndg.* No. 69,793 (Fla.; Dec. 29, 1986); *Harrell v. State Department of Health and Rehabilitative Services,* 361 So.2d 715 (Fla. 4th DCA 1978). The same rule obtains in other non-criminal proceedings, unless "issues involving adjustments of fundamental human relationships such as dissolution of marriage or adoption," *Bower v. Connecticut General Life Insurance Co.,* 347 So.2d 439, 440 (Fla. 3d DCA 1977) are presented. See *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

The Court held in *Perkins v. Florida State University,* 303 SO.2d 415 (Fla. 1974), that a public employer must, as a matter of equal protection of the laws, furnish transcripts without charge to all employees involved in disciplinary proceedings who seek appellate review, if it furnishes "gratuitous transcripts," 303 So.2d at 416, to any class or group of its employees. In *Perkins,* decided before the Administrative Procedure Act of 1974 took effect, the Court was concerned with the rights of public employees and explicitly limited its "holding . . . to disciplinary matters and proceedings." 303 So.2d at 427. Under the rules challenged in the present case, respondent now furnishes transcripts to no claimants, although it once furnished them to all who instituted proceedings for judicial review.

### No Fees Of Any Kind

In addition to the costs of transcript preparation which Rule 38E-3.009(3), Florida Administrative Code, imposes on the claimant, is the cost of obtaining a copy of the record (apart from the index), which Rule 38E-3.003(2)(b), Florida Administrative Code, imposes. Although "the Legislature did not intend that every claimant . . . have a souvenir of his administrative experience," *Sweeney v. Board of Review, Division of Employment Security, Department of Labor and Industry,* 43 N.J. 535, 206A.2d 345, 350 (N.J. 1965), the statute requires that a request for a copy of any portion of the record not already furnished the claimant "related to an actual appeal to the judiciary," 206 A.2d at 350, be honored, without fees or charges of any kind.

With the invalidation of that part of Rule 38E-3.009(3), Florida Administrative Code, setting a fee for preparation of the transcript, the remaining part, setting a fee for a duplicate tape recording, does not offend the statute, because obtaining a tape recording is not necessary to the prosecution of a claim, given the availability of a transcript.

It is, accordingly,

ORDERED:

1. Rule 38E-3.009(3), Florida Administrative Code, is invalid insofar as it purports to authorize respondent's clerk to charge any individual claiming benefits who has initiated proceedings for judicial review a sum of money for transcription of the proceedings.

2. Rule 38E-3.003(2)(b), Florida Administrative Code, is invalid insofar as it purports to require an individual claiming benefits who has instituted proceedings for judicial review to pay a sum of money to obtain a copy of any portion of the record on appeal not previously furnished the individual.

3. The petition to determine validity of rules is otherwise denied.

DONE AND ENTERED this 26th day of February, 1987, at Tallahassee, Florida.