530 So.2d 1040 (1988)
NORTH DADE SECURITY LTD. CORPORATION, Linda H. Donald and Rollins Donald, Appellants,
v.
DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 87-1350.
District Court of Appeal of Florida, First District.
September 1, 1988.
Michael J. Cherniga, of Roberts, Baggett, LaFace & Richard, Tallahassee, for appellants.
R. Timothy Jansen, Asst. Gen. Counsel, Dept. of State, Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal from a final order of the Department of State (Department) approving and adopting the hearing officer's recommended order holding that the firearms instructor licenses of the individual appellants should be revoked and that the security agency license of the corporate appellant should be revoked. We reverse and remand.
The appellants raise, inter alia, the following two questions: (1) Whether the Department's failure to accurately and completely preserve the testimony adduced at the final hearing constitutes a departure from the essential requirements of law and a violation of appellants' due process rights, and (2) whether the Department's failure to preserve the testimony adduced at the final hearing has materially prejudiced the appellants' rights to judicial review of this cause.
At the final hearing in this case the Department attempted to preserve the testimony presented by tape recorder using cassette tapes rather than by the use of a court reporter. The Department notified appellants prior to the final hearing that it intended to preserve the hearing testimony in this manner, and that appellants would be responsible for furnishing any transcript they might need for review of the hearing officer's findings. Appellants were advised they were free to either hire a court reporter to produce such transcript or that they could use the Department's tapes to make their own transcript. Appellants neither hired a court reporter nor objected to the Department's announcement that it would tape record the proceedings. Unfortunately, the tape recorder malfunctioned, and numerous substantial and material portions of the testimony taken at the hearing were not transcribable because they were not recorded at all, or because the tapes were inaudible or unintelligible.
The final hearing was concluded February 18, 1986. At the conclusion of the hearing the appellants determined that they would provide a transcript of the proceedings for use by the parties and would *1041 have the cassette tapes of the final hearing transcribed. The parties were afforded 30 days from the filing of the transcript in which to submit proposed findings of fact in the form of proposed recommended orders.
On June 23, 1986, a transcript was filed with the Division of Administrative Hearings (DOAH) but the parties subsequently agreed that the transcript was incomplete. An allegedly complete transcript was filed with DOAH on September 22, 1986, and the parties' proposed recommended orders were due to be filed no later than October 22, 1986. Appellants filed their proposed recommended order on October 20, 1986 and the Department filed its recommended order October 23, 1986 together with what it labeled a "corrected" transcript. The appellants refused to accept the "corrected" transcript and the parties were afforded additional time to resolve their differences regarding the September 22 transcript. Ultimately, the transcript filed September 22 was determined by the hearing officer to be the official transcript of the final hearing. On February 2, 1987, the Department withdrew its "corrected" transcript and agreed to use the transcript filed September 22, 1986. The hearing officer's recommended order was entered February 25, 1987, and the final order of the agency was entered September 23, 1987, more than one and one-half years after the date of the final hearing.
Section 120.57(1)(b)6, Fla. Stat. (1985) provides in part:
The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost.
The statute requires agencies to accurately and completely preserve all testimony in § 120.57(1) proceedings held before them, and this mandatory duty cannot be avoided or escaped by simply advising an opposing party that the agency proposes to preserve the testimony by tape recording and that the opposing party has the right to hire a court reporter. The appellants were entitled to rely upon the Department to accurately and completely preserve the testimony taken at the final hearing, yet review of the transcript herein reveals that the Department failed to perform its duty. There are numerous obvious omissions of substantial and material portions of the testimony received, and the answers to many of the questions posed are incomplete or inaudible. Because of the condition of the record the appellants are unable to obtain any meaningful review of the proceedings.
Booker Creek Preservation, Inc. v. State of Florida, Department of Environmental Regulation, 415 So.2d 750 (Fla. 1st DCA 1982) and Florida Department of Corrections v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987) are not applicable, as these cases involved a factual situation where the appellant failed to furnish a written transcript although one could have and should have been obtained by the appellant. In this case the appellants made every effort to obtain a complete and accurate written transcript of the testimony but were unable to do so through no fault of their own. As the parties were unable to agree on a statement of the evidence, the appellants are entitled to a hearing de novo.
The order of the Department is vacated and the cause is remanded for a hearing de novo on the petition.
SHIVERS and ZEHMER, JJ., concur.