584 So.2d 133 (1991)
STATE of Florida DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellant,
v.
MANASOTA-88, INC., Appellee.
No. 90-2840.
District Court of Appeal of Florida, First District.
August 7, 1991.
*134 Richard T. Doneland, Jr., Asst. Gen. Counsel, Dept. of Environmental Regulation, Tallahassee, for appellant.
Peter B. Belmont, St. Petersburg, for appellee.
PER CURIAM.
In this appeal, the Department of Environmental Regulation (DER) challenges a hearing officer's final order invalidating portions of Florida Administrative Code Rule 17-103.170, which had established a charge of 50 cents per page for DER's preparation of records on appeal. Cross-appellant, Manasota-88, Inc., (Manasota), contends that in addition to declaring the rule an invalid exercise of delegated legislative authority, the hearing officer should also have found that: (1) DER had no statutory authority to impose a fee upon an appealing party for preparation of an appellate record, and (2) the rule was arbitrary and capricious. We agree with the hearing officer and affirm on all points.
Appellee/cross-appellant, Manasota, is a not-for-profit environmental protection organization that is frequently a party to DER licensing proceedings. In a recent appeal from a DER final order, Manasota, as the appealing party, was charged 50 cents per page by DER for preparation of the record on appeal. This prompted Manasota to file a petition pursuant to section 120.56, Florida Statutes, to have Rule 17-103.170(2), which authorized the charge, declared invalid.[1] Following a formal hearing on Manasota's petition, the hearing officer declared the rule to be an invalid exercise of delegated legislative authority because it "enlarged, modified or contravened" the specific provisions of law it was designed to implement. This appeal and cross-appeal followed.
When a rule is adopted, it must include a reference to the statutory provision being implemented. § 120.54(7), Fla. Stat. (1989). If the rule "enlarges, modifies, or contravenes the specific provisions of law implemented," then it is an invalid exercise of delegated legislative authority which must be invalidated. § 120.52(8)(c), Fla. Stat. (1989).
Rule 17-103.170 lists sections 119.07, 120.53 and 253.76 as the statutes it is intended to implement. However, it is clear that the rule implements none of these statutes without substantial enlargement or modification.
Section 253.76, which was repealed in 1984, authorized the Governor and Cabinet to hear appeals of DER decisions involving state lands. Thus, even during its effective period, section 253.76 did not speak to the preparation of records on appeal, and under no interpretation of the rule and statute can it be said that the former implements the latter.
Neither can the rule be construed to implement section 120.53. Although section 120.53(1)(b) requires agencies to adopt procedural rules, no mention is made of allocating the cost of preparing the record on appeal. However, we held in Mick v. Florida State Bd. of Dentistry, 338 So.2d 1297 (Fla. 1st DCA 1976), and Univ. of South Florida College of Medicine Faculty Assoc. v. Public Employees Relations Comm'n, 338 So.2d 1286 (Fla. 1st DCA 1976), that an agency may charge the cost of record preparation to the party requesting the record so long as the charge does not exceed that which could be imposed by *135 a circuit court clerk under section 28.24(4), Florida Statutes. Even if the challenged rule sought to implement section 120.53(1)(b) in line with these holdings, it must still be deemed an impermissible modification. The rule's assessment of 50 cents per page is an entirely different rate than the $2.00 per instrument authorized by section 28.24(4). One can easily envision circumstances under which the rule will produce a substantially greater charge than that authorized by the statute.
Finally, the rule fails to implement section 119.07, Florida Statutes. In keeping with the stated purpose of chapter 119  to ensure access to state, county and municipal records  section 119.07(1) permits a person to obtain a copy of a public record. As recently amended, the statute authorizes the custodian to charge 15 cents per page or $1.00 for a certified copy, as well as a "special service charge" in those instances where duplication requires extensive clerical or supervisory assistance. Totally aside from the difference in rate, is the fact that preparation of a record on appeal pursuant to the rule is an entirely different activity performed under different authority than is the mere copying and delivery of a public record under chapter 119. Whereas copies provided under section 119.07 become the property of the person requesting and paying for them, the record on appeal from a chapter 120 proceeding is delivered to the appellate court and does not become the personal property of the appealing party.
Because Rule 17-103.170 does not implement any of the listed statutes, the hearing officer correctly invalidated it as an improper exercise of delegated legislative authority. Accordingly, the hearing officer's final order is AFFIRMED.
SMITH, NIMMONS and MINER, JJ., concur.
NOTES
[1] Rule 17-103.170(2), F.A.C., provides:

The Department charges 50 cents ($0.50) per page for the preparation and transmittal of records on appeal with no charge for postage or certification. The cost of preparation shall be borne by the appellant.