606 So.2d 435 (1992)
John G. ARIKO, Jr. and Epoch Management, Inc., n/k/a EM Management, Inc., Appellants,
v.
Anthony J. NICHOLSON, Appellee.
No. 92-429.
District Court of Appeal of Florida, Fifth District.
September 18, 1992.
Rehearing Denied October 27, 1992.
Daniel S. Pearson, James L. Simon, Robert L. Jennings, Lenore C. Smith, Holland & Knight, Miami, for appellants.
Douglas C. Spears of Pleus, Adams & Spears, P.A., Orlando, and Sylvia Walbolt and Alan Sundberg of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, for appellee.
PER CURIAM.
Appellants brought this non-final appeal from the trial court's denial of their motion to stay execution of a money judgment and to vacate the judgment. Nicholson had obtained a large money judgment against appellants following a ten-day jury trial. After the trial, because a substantial portion of the court reporter's notes (six days of the ten-day trial) were destroyed by an accidental fire, we entered a stay of the judgment. Through a series of orders, we requested that the trial court and parties, pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), make an effort to reconstruct at least those portions of the record essential for our consideration of the appellants' issues on appeal.
After more than four months of honest effort by all concerned, the attempt has failed. Appellants and appellee cannot agree on the reconstructed record and the trial judge has said he cannot remember. This is not surprising since it was a lengthy trial involving complex liability and damage issues, and it took place nine months prior to the reconstruction effort.
Accordingly, we can see no other alternative than granting a new trial. See Daniels v. State, 575 So.2d 722 (Fla. 1st DCA 1991); North Dade Security Ltd., Corp. v. Department of State, 530 So.2d 1040 (Fla. 1st DCA 1988); Vernell v. Edge, 389 So.2d 327 (Fla. 5th DCA 1980); Copeland v. Capital Bank of Miami, 372 So.2d 1149 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980); Jackson v. State, 308 So.2d 600 (Fla. 3d DCA 1975). Accordingly, we reverse the order appealed in this case, vacate the money judgment, and remand to the lower court for new trial and proceedings consistent therewith.
REVERSE and REMAND.
DAUKSCH, W. SHARP and HARRIS, JJ., concur.