GRIFFIN, C.J.
This appeal concerns disciplinary actions by the Department of Professional Regulation, Division of Hotels and Restaurants [“DPR”], against a licensee, Barkap, Inc. d/b/a Flamingo Inn [“Barkap”], for failure to have an approved smoke detector for the hearing impaired. Barkap was given an informal hearing. The final order identifies Barkap’s admissions at the hearing as its only basis for a finding of the violation. There is no record of this hearing, however, due to an equipment malfunction. DPR urges that the finding of a violation can be based on the way in which Barkap completed DPR’s request for hearing form. DPR asserts the above constituted a sufficient admission of the violation, but we cannot agree. The places on the form that indicate an admission of the facts were not filled in. Part of appellant’s complaint is that it was cited for failing to have an “approved” smoke detector with a tag stating the candela power. The statement made in mitigation [1] is too ambiguous to constitute an admission of a violation of the requirement to have a smoke detector for the hearing impaired of at least 100 candela. It is unclear whether the difficulty was in finding a 100 candela smoke detector or in finding one “approved” with a tag. The information referred to by the dissent was provided after the hearing; it is not evidence and is no less ambiguous.
Barkap’s complaint about the tag is a red herring; the issue is whether Barkap did or did not have a smoke detector for the hearing impaired that met the criteria of the rule. If Barkap contends that it had a smoke detector for the hearing impaired of at least 100 candela, then a formal hearing is required to resolve the dispute. See Ariko v. Nicholson, 606 So.2d 435 (Fla. 5th DCA 1992).
REVERSED and REMANDED.
ANTOON, J., concurs.
THOMPSON, J., dissents, with opinion.

. “We had extreme difficulty in locating the device. We now comply.”